[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 15, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14382
Non-Argument Calendar
_____

D. C. Docket No. 06-00093-CR-T-23-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN LLANOS-AGOSTADERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 15, 2007)**

Before ANDERSON, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

The issue presented here is whether the offense of aggravated battery on a

pregnant woman, in violation of Fla. Stat. § 784.045(1)(b), constitutes a "crime of violence" under § 2L1.2 of the U.S. Sentencing Guidelines. We hold that it does.

## I. Background

On March 16, 2006, Llanos-Agostadero, a native and citizen of Mexico, was indicted for illegally re-entering the United States following his Florida conviction for aggravated battery on a pregnant woman and subsequent deportation, in violation of 8 U.S.C. § 1326. At his plea hearing, Llanos-Agostadero admitted the factual basis of the indictment and pleaded guilty without a written plea agreement.

The presentence investigation report ("PSI") stated that Llanos-Agostadero had been twice convicted for aggravated battery on a pregnant woman. According to the PSI, he punched, grabbed the throat of, and pushed his pregnant wife while committing the first offense, and he pushed her several times during the second. The PSI assigned Llanos-Agostadero a base offense level of 8 under U.S.S.G. § 2L1.2(a), and recommended (1) a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on the determination that Llanos-Agostadero's convictions for aggravated battery constituted "crimes of violence," and (2) a 3-level reduction pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility. With a total offense level of 21 and a criminal history category of III, the resulting range under the Sentencing Guidelines was 46 to 57 months imprisonment.

Llanos-Agostadero objected to the 16-level enhancement on the grounds that the jury did not find, and he did not admit, that the prior offenses were crimes of violence. He also asserted that the offenses did not qualify as crimes of violence because the use of physical force was not a necessary element. He further objected that an unwarranted sentencing disparity was created by the absence of a "fast-track" or early-disposition program in the Middle District of Florida, thereby violating the Constitution's Equal Protection Clause and the terms of 18 U.S.C. § 3553(a)(6). To that end, he moved for a 4-level downward departure to account for the absence of a fast-track program. Llanos-Agostadero did not, however, object to facts underlying his aggravated battery convictions as set forth in the PSI.

At sentencing, the district court overruled Llanos-Agostadero's objections and denied his motion for a downward departure. Regarding the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A), the court admitted into evidence the charging documents and consolidated final judgment for Llanos-Agostadero's convictions for aggravated battery on a pregnant woman. The court then examined the Florida statute defining the offense of aggravated battery on a pregnant woman, Fla. Stat. § 784.045, determined that this offense met the definition of felonious battery, in violation of Fla. Stat. § 784.041, and concluded that aggravated battery on a pregnant woman was a crime of violence for purposes of the enhancement.

3

Regarding the lack of a fast-track program in the Middle District of Florida, the court held that there was no equal protection violation and noted that the Eleventh Circuit had determined that there was no unwarranted disparity. Adopting the PSI's recommendations, the court sentenced Llanos-Agostadero to 50 months imprisonment. Llanos-Agostadero now appeals this sentence.

## II. Discussion

### A. 16-Level Enhancement for Conviction of a Crime of Violence

The Sentencing Guidelines provide for a 16-level enhancement of a defendant's offense level if the defendant previously was deported, or unlawfully remained in the United States, after a conviction for a felony that is a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The Application Notes for U.S.S.G. § 2L1.2(b)(1) provide that a "crime of violence" means, inter alia, "any offense under . . . state . . . law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2(b)(1), comment. (n.1(B)(iii)).

On appeal, Llanos-Agostadero argues that the district court erred in concluding that his Florida convictions for aggravated battery were crimes of violence for purposes of the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1). Whether a previous offense of conviction is a "crime of violence" is a question of

law that we review de novo. United States v. Glover, 431 F.3d 744, 747, 749 (11th Cir. 2005).

Generally, in determining whether a prior conviction is a qualifying offense for enhancement purposes, we apply a 'categorical' approach—that is, we look no further than the fact of conviction and the statutory definition of the prior offense. Taylor v. United States, 495 U.S. 575, 600-02, 110 S.Ct. 2143, 2159-60, 109 L.Ed.2d 607 (1990); United States v. Aguilar-Ortiz, 450 F.3d 1271, 1273 (11th Cir. 2006). But where the judgment of conviction and statute are ambiguous, "we remand for the district judge to look at the facts underlying a state conviction." Aguilar-Ortiz, 450 F.3d at 1273. In examining the facts underlying a prior conviction, the district court is generally limited to relying only on the "charging document[s], written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Id.; Shepard v. United States, 544 U.S. 13, 19-26 125 S.Ct. 1254, 1259-63, 161 L.Ed.2d 205 (2005).

Under Florida law, aggravated battery on a pregnant woman is committed "if the person who was the victim of the *battery* was pregnant at the time of the offense and the offender knew or should have known that the victim was pregnant." Fla. Stat. § 784.045(1)(b) (emphasis added). A person commits the

5

offense of "battery" (that is, "simple battery") under Florida law when he "[a]ctually and intentionally touches or strikes another person against the will of the other; *or* . . . [i]ntentionally causes bodily harm to another person. Fla. Stat. § 784.03(1)(a) (emphasis added). Thus, an "essential element" of the offense of aggravated battery on a pregnant woman is that the defendant commit simple battery—that is, he "[a]ctually and intentionally touches or strikes another person" against the latter's will, or "[i]ntentionally causes bodily harm to another person." Small v. State, 889 So. 2d 862, 863 (Fla. Dist. Ct. App. 2004) (construing Fla. Stat. §§ 784.03(1)(a), 784.045(1)(b)).

This court has yet to address the issue of whether aggravated battery on a pregnant woman, in violation of Fla. Stat. § 784.045(1)(b), constitutes a crime of violence under U.S.S.G. § 2L1.2(b)(1). We have, however, addressed closely analogous issues in Glover and United States v. Griffith, 455 F.3d 1339 (11th Cir. 2006).

In Glover, this court set forth the elements of simple battery under Florida law and held that simple battery on a law enforcement officer, in violation of Fla. Stat. §§ 784.03 and 784.07, is a crime of violence under U.S.S.G. § 4B1.2(a). Glover, 431 F.3d at 749. Notably, like the Application Notes for § 2L1.2(b)(1), § 4B1.2(a) defines a crime of violence as, inter alia, any offense that "has as an

6

element the use, attempted use, or threatened use of physical force against the person of another." Id. (quoting U.S.S.G. § 4B1.2(a)(1)). And in Griffith, this court held that simple battery under Georgia law (which occurs when a person "[i]ntentionally makes physical contact of an insulting or provoking nature with the person of another") constitutes a "crime of domestic violence" under 18 U.S.C. § 922(g)(9), which, like the Application Notes for U.S.S.G. § 2L1.2(b)(1), defines a "crime of domestic violence" to include, inter alia, any offense that "has, as an element, the use or attempted use of physical force." Griffith, 455 F.3d at 1340-45 (citing Ga. Code Ann. § 16-5-23(a)(1); 18 U.S.C. §§ 921(a)(33)(A)(ii), 922(g)(9)).

In our view, the offenses at issue in Glover and Griffith cannot be meaningfully distinguished from the offense at issue in the instant case, at least with regards to determining whether the offense is a "crime of violence" under U.S.S.G. § 2L1.2(b)(1). First, there is no meaningful distinction between the definition of a "crime of violence" under § 2L1.2(b)(1) (at issue in the instant case), the definition of a "crime of violence" under § 4B1.2(a) (at issue in Glover), or the definition of a "crime of domestic violence" under 18 U.S.C. § 922(g)(9)(at issue in Griffith). Moreover, the offense of aggravated battery on a pregnant woman under Florida law has as an element that the defendant commit simple battery, Small, 889 So. 2d at 863, and there is no persuasive reason why simple

7

battery on a law enforcement officer is a "crime of violence," as this court held in

Glover, 431 F.3d at 749, while simple battery on a pregnant woman (which

constitutes aggravated battery) is not. We therefore conclude that aggravated

battery on a pregnant woman, in violation of Fla. Stat. § 784.045(1)(b), is a crime

of violence under U.S.S.G. § 2L1.2(b)(1). Accordingly, the district court did not

err in holding that Llanos-Agostadero's prior convictions for aggravated battery on

a pregnant woman were crimes of violence for purposes of the 16-level

enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

## B. Fast-Track Departure

Llanos-Agostadero also argues that his sentence is unreasonable in light of

18 U.S.C. § 3553(a) and that it violates his rights under the Equal Protection

Clause because defendants in judicial districts with fast-track programs are eligible

to receive lower sentences than similarly-situated defendants in districts without

fast-track programs (such as the Middle District of Florida). We review issues of

constitutional law and statutory interpretation de novo, and we review the overall

sentence imposed for reasonableness. United States v. Castro, 455 F.3d 1249,

1251 (11th Cir. 2006).

### 1. Reasonableness of the Sentence

After correctly calculating the advisory Guidelines range, a "district court

may impose a sentence that is either more severe or lenient than the sentence" this court would have imposed, "but that sentence must still be reasonable." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). This court's review for reasonableness is deferential, and the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the factors set forth in 18 U.S.C. § 3553(a). Id. These factors include: the nature and circumstances of the offense, the history and characteristics of the defendant, affording adequate deterrence, the Guidelines range, and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a). "Although sentencing courts must be guided by these factors, nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Thomas, 446 F.3d 1348, 1357 (11th Cir. 2006) (citations omitted).

The fast-track departure provision of the Guidelines, U.S.S.G. § 5K3.1, is available to defendants who agree to the factual basis of the criminal charges against them and agree to waive certain rights, but only in judicial districts that participate in an early disposition program authorized by the U.S. Attorney General and the U.S. Attorney for the district in which the court resides. Castro, 455 F.3d

9

at 1250-51 (citing U.S.S.G. § 5K3.1).  Although § 3553(a)(6) requires the district court to consider "the need to avoid unwarranted sentence disparities," in Castro, this court held that "section 3553(a)(6) does not require the district court to depart based on the availability of the [fast-track] departure in only some districts."  Id. at 1253.  We reasoned that "[w]hen Congress directed the Sentencing Commission to allow a fast-track departure for only participating districts," it "implicitly determined that the disparity was warranted."  Id. at 1252 (citations omitted).  Accordingly, a district court may not consider sentencing disparities associated with early disposition programs in imposing sentence.  United States v. Arevalo-Juarez, 464 F.3d 1246, 1251 (11th Cir. 2006).

To the extent Llanos-Agostadero's argument on appeal could be construed as a claim that the district court erred by denying a downward departure to account for the absence of a fast-track program in the Middle District of Florida, we lack jurisdiction to review this claim, as there is no evidence that the district court misunderstood its authority to depart.  United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005).  To the extent he argues that his sentence is unreasonable, we disagree.  Here, the district court correctly calculated the Guidelines range for Llanos-Agostadero to be 46 to 57 months imprisonment.  After expressly considering § 3553(a), the district court held that 50 months imprisonment was an

10

appropriate sentence. In so holding, the court stated that it was "satisfied that the sentence adequately serves the purposes of sentencing that are reflected [in section] 3553(a)" and "that the sentence is sufficient but not greater than necessary to comply with the statutory purposes of sentencing." Again, the district court was *not* required to state on the record that it had explicitly considered each of the § 3553(a) factors or to discuss each of those factors. Thomas, 446 F.3d at 1357. Moreover, as discussed above, this court has concluded that a sentencing court may *not* consider fast-track disparities when imposing sentence. See Arevalo-Juarez, 464 F.3d at 1251. Thus, we cannot say that the sentences received by defendants in districts without fast-track programs are "greater than necessary" to achieve the purposes of § 3553(a)(2) *solely because* similarly-situated defendants in districts *with* fast-track programs are eligible to receive lesser sentences. We therefore conclude that Llanos-Agostadero's sentence was reasonable.

*2. Equal Protection*

In United States v. Campos-Diaz, 472 F.3d 1278 (11th Cir. 2006), this court held that "the absence of a fast-track program in the judicial district where a defendant is sentenced does not violate equal protection." Id. at 1279-80. Accordingly, Llanos-Agostadero's equal protection argument must fail, and we need not discuss it further.

11

## III. Conclusion

For the foregoing reasons, we **AFFIRM**.