[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 7, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13240
Non-Argument Calendar

_____

D. C. Docket No. 07-20101-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RASHEED CHEVOR WINT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 7, 2008)**

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Rasheed Chevor Wint appeals his 46-month sentence for illegal re-entry

after deportation. On appeal, Wint first argues that the district court's application of U.S.S.G. § 2L1.2 was unreasonable because (1) the 16-level enhancement resulted in the same offense level, 24, that is applied to offenses that are far more serious than illegal re-entry, including, inter alia, aggravated assault resulting in serious bodily injury, sexual abuse of a minor, stalking involving bodily injury, and arson, and was therefore unreasonably severe, and (2) § 2L1.2 double counted his criminal history. The district court's adherence to the guideline range was thus unreasonable, Wint argues, because § 2L1.2's "over-reliance" on his criminal history was contrary to the sentencing goals set forth in 18 U.S.C. § 3553(a).

After United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), sentencing is a two step process requiring the district court first to "consult the Guidelines and correctly calculate the range provided by the Guidelines," and then to determine a reasonable sentence after considering the 18 U.S.C. § 3553(a). United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). We review the district court's interpretation and application of the guidelines de novo, and the final sentence imposed for reasonableness. United States v. Campbell, 491 F.3d 1306, 1313, 1315 (11th Cir. 2007) (internal quotations and citation omitted).

**A. Whether the 16-level enhancement was unreasonably severe**

As an initial matter, because we review only a defendant's final sentence,

and not the guidelines themselves, for reasonableness in light of the § 3553(a) factors, § 2L1.2 is not subject to reasonableness review. See United States v. Dorman, 488 F.3d 936, 938 (11th Cir.), cert. denied, 128 S.Ct. 427 (2007); see Booker, 543 U.S. at 264, 125 S.Ct. at 767. Insofar as Wint challenges the district court's application of § 2L1.2(b)(1)(A), his argument that the district court erred in adhering to the guidelines because § 2L1.2 is "inherently unreasonable" is also unavailing, since defining and fixing penalties for federal crimes are Congressional, not judicial, functions. United States v. Evans, 333 U.S. 483, 486, 68 S.Ct. 634, 636, 92 L.Ed. 823 (1948); see Mistretta v. United States, 488 U.S. 361, 377-78, 109 S.Ct. 647, 658, 102 L.Ed.2d 714 (1989) (noting that Congress has given the Sentencing Commission the discretion to determine the relative severity of federal crimes, assess the relative weight of the offender characteristics, and decide which types of crimes are to be considered similar for the purposes of sentencing). Accordingly, we have held that "regardless of the circumstances, a sentencing court lacks the authority to treat a crime of violence as if it were not, in fact, a crime of violence." United States v. Saucedo-Patino, 358 F.3d 790, 794 (11th Cir. 2004).

Therefore, the district court was not, as Wint suggests, free to disregard the sentencing guidelines because they imposed a high offense level for illegal re-

entry, nor to treat Wint's armed robbery conviction as anything other than a "crime of violence" because it occurred 10 years ago.

**B.     Whether the district court's application of § 2L1.2 constituted impermissible double-counting of Wint's criminal history**

"We review de novo a claim of double counting." United States v. Dudley, 463 F.3d 1221, 1226 (11th Cir. 2006). "Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." Id. at 1226-27 (internal quotations and citation omitted).  We have held that counting prior felonies against defendants under both the criminal history section and § 2L1.2 is permissible because "each section concerns conceptually separate notions relating to sentencing," namely, punishing likely recidivists more severely and deterring aliens who have been convicted of a felony from re-entering the United States, respectively. United States v. Adeleke, 968 F.2d 1159, 1161 (11th Cir. 1992) (internal quotations and citation omitted).

Because application of § 2L1.2(b)(1)(A) does not constitute impermissible double counting, the district court did not err in counting Wint's prior conviction for armed robbery against him both under the criminal history section and § 2L1.2(b)(1)(A), and its adherence to the guidelines in enhancing Wint's sentence under § 2L1.2 was not unreasonable.

4

Wint next argues that his sentence was unreasonable because it was greater than necessary to achieve the goals of sentencing set forth in § 3553(a). Specifically, he asserts that the district court treated the sentencing guideline range as presumptively reasonable, placed undue weight on his criminal history, and failed to consider mitigating factors, including his lack of convictions since 1996, and the fact that this was his first time returning to the United States and had no family or friends in Jamaica. Wint contends additionally that his sentence resulted in a sentencing disparity because the Southern District of Florida does not have a fast-track program, and that this disparity should not be condoned under § 3553(a), which directs a sentencing court to consider unwarranted sentencing disparities among defendants having been found guilty of similar conduct.

We review a final sentence imposed by a district court for reasonableness. United States v. Agbai, 497 F.3d 1226, 1229 (11th Cir. 2007). A sentence may be procedurally or substantively unreasonable. United States v. Hunt, 459 F.3d 1180, 1182 n. 3 (11th Cir. 2006). A sentence may be procedurally unreasonable if it is the "product of a procedure that does not follow Booker's requirements...[and] a sentence may be substantively unreasonable, regardless of the procedure used." Id.

When reviewing the reasonableness of a sentence, we must consider the factors outlined in § 3553(a) and the district court's reasons for imposing the

5

particular sentence. United States v. Williams, 435 F.3d 1350, 1355 (11th Cir. 2006). The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to the victims. See 18 U.S.C. § 3553(a)(1)-(7). When applying these factors to a particular sentence, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court[,]" and "[w]e will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir.) (internal quotations and citations omitted), cert. denied, 128 S.Ct. 671 (2007).

While the district court must consider the § 3553(a) factors, it is not required to discuss each factor. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under

Booker." Id. Where the court imposes a within-guidelines sentence, the district court need only "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. ___, 127 S.Ct. 2456, 2468-69, 168 L.Ed.2d 203 (2007).

In determining if the district court has adequately considered the defendant's arguments and the § 3553(a) factors, we may look to the district court's statements over the course of the sentencing hearing.  See Williams, 435 F.3d at 1355; see also Rita, 127 S.Ct. at 2469 (holding that while the district court did not explicitly state that it had considered each argument and the supporting evidence, the context and the record made clear the reasoning underlying the court's conclusion). Additionally, we have compared the sentence actually imposed to the statutory maximum when conducting a reasonableness review. See Dorman, 488 F.3d at 944.

Although we do not presume reasonable a sentence that is within the guidelines range, United States v. Campbell, 491 F.3d at 1313, we have held that the use of the guidelines remains central to the sentencing process, Talley, 431 F.3d at 787. Accordingly, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable

one." Id. at 788. We have recognized that "there is a range of reasonable sentences from which the district court may choose" and the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. Id.

Upon review of the presentence investigation report and the sentencing transcript, and upon consideration of the briefs of the parties, we discern no reversible error.

Wint has not carried his burden of establishing that the sentence imposed was unreasonable. Contrary to Wint's assertion, raised for the first time on appeal, that the district court erroneously presumed that a within-guidelines sentence was reasonable, the record reflects that the district court adequately and properly considered the § 3553(a) factors. In fashioning Wint's sentence, the district court explicitly stated that it had "carefully considered the statements of the parties, the presentence report, the advisory guidelines, and the statutory factors in 18 U.S. Code § 3553(a)," and then found that application of the guidelines in this case did not result in an unreasonable sentence. In addition, Wint's 46-month sentence was the minimum advised by the guidelines, and is less than half of the twenty-year statutory maximum for illegal entry after deportation. See United States v. Valnor, 451 F.3d 744, 751-52 (11th Cir. 2007) (affirming as reasonable a 28-month

8

sentence, which was "appreciably below the length of the [180-month] statutory maximum."). Further, we have held that a sentencing court may not consider fast-track disparities when imposing sentence. United States v. Llanos-Agostadero, 486 F.3d 1194, 1199 (11th Cir. 2007). Therefore, the fact that similarly-situated defendants in districts with fast-track programs were eligible to receive lesser sentences did not render Wint's sentence greater than necessary to achieve the purposes of § 3553(a). See id.

Because the district court properly calculated the advisory guideline range, and Wint's sentence was not substantively unreasonable in light of pertinent section 3553(a) factors.

**AFFIRMED.**