[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 13, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13201
Non-Argument Calendar

_____

D. C. Docket No. 07-00007-CR-KD-M

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL MARIN CORDOVA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(March 13, 2008)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Daniel Marin Cordova appeals his 77-month sentence for illegal reentry into

the United States after deportation, in violation of 8 U.S.C. § 1326.  On appeal, he argues that the district court, in calculating his Sentencing Guidelines range, incorrectly applied the 16-point specific offense characteristic found at U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2006) for a defendant who was previously deported after a conviction for a "crime of violence."  We AFFIRM.

## I. BACKGROUND

Cordova pled guilty, without benefit of a plea agreement, to a grand jury indictment for illegal reentry after deportation.  In preparation for sentencing, the probation officer placed Cordova's base offense level at 8, pursuant to U.S.S.G. § 2L1.2(a).  Because Cordova had been convicted in Iowa for assaulting and attempting to elude a police officer, the probation officer also assigned him 16 additional points for the specific offense characteristic of having been deported after committing a crime of violence, as provided by § 2L1.2(b)(1)(A).  Three points were deducted for acceptance of responsibility, resulting in a total offense level of 21.  Based on a criminal history category of VI, Cordova's Sentencing Guidelines range was 77 to 96  months of imprisonment.

Cordova filed objections to these calculations, arguing, in pertinent part, that, under Iowa law, "assault" is defined as an act intended to cause either physical pain or an insulting or offensive touching, and, because his Iowa

2

conviction did not specify that his assault involved an intent to cause physical pain, the district court lacked a factual basis upon which to conclude that he had been convicted of a crime of violence. He conceded that the record contained "Minutes of Testimony" from the Iowa proceedings describing his use of physical violence, but argued that, because that document had not been signed by the officer alleging the use of physical violence, it could not be considered proof of such violence. Doc. 24-1 at 3. He submitted copies of the relevant Iowa statutes, which state, at Iowa Code § 708.3A(3), that one commits an "aggravated misdemeanor" if he assaults a police officer and causes bodily injury or mental illness, and, at § 708.3A(4), that one commits a "serious misdemeanor" if he commits "[a]ny other assault" on an officer. Iowa Code § 708.1 defines "assault" as an act that is intended to cause pain or injury to another or to result in an insulting or offensive touching. Cordova also attached: (1) a copy of the Iowa "Trial Information," which stated that he had violated § 708.3A(4), which is the "any other assault/serious misdemeanor" statute, but described his offense as an "aggravated misdemeanor" assault on a police officer and alleged that he had caused bodily injury to that police officer in the course of the assault, id. at 8; (2) the judgment of conviction, which stated that he had pled guilty to the charges "as alleged in the Trial Information," id. at 10; and (3) a document entitled "Minutes of Testimony"

3

from the Iowa proceedings, which was signed by the clerk of court, stating that a police officer, if called as a witness against Cordova, would testify that he had attempted to conduct a traffic stop on Cordova, but that Cordova had fled, and, that when the officer apprehended him, Cordova had fought against the officer and attempted to take the officer's firearm, resulting in physical injury to the officer, id. at 13. The prior conviction was not mentioned at Cordova's change of plea hearing.

At the sentencing hearing, in regard to Cordova's counsel's objection to the 16-level increase for a crime of violence, the court observed that the Iowa statute at issue provided for two ways of committing assault and concluded that one of the them, "offensive touching," would not be considered a crime of violence. Doc. 36-1 at 8. The court found that, in order to resolve the ambiguity thereby created, it could look to the charging document for the offense, and because that document alleged that he had caused physical injury, the court could determine that his offense was a crime of violence. While conceding that the court was permitted to look to the charging document, Cordova's counsel argued that, because intent to cause physical injury was not an element of his Iowa assault offense, he could have pled guilty to the offense without admitting that he caused physical injury, and, thus, the "physical injury" language was "surplusage." Id. at 12-13. He also

4

argued that the court should not look to the allegations in the Minutes of Testimony because it was not an affidavit signed by the officer but was merely a summary of what he would allege, and Cordova did not necessarily admit to the allegations contained therein. However, the court found that, because he had been convicted of the offense "as alleged" in the charging document, which itself incorporated the Minutes of Testimony statement alleging an intent to cause physical injury, the record was sufficient to conclude that the assault was a crime of violence. Id. at 13. The court then adopted the Guidelines calculations made by the probation office. Cordova requested a sentence at the low end of that range, and the court sentenced him to 77 months in prison.

On appeal, Cordova argues that his Iowa conviction for assault on a peace officer was not categorically a crime of violence because Iowa's definition of "assault" includes offensive touching, which he argues would not constitute a crime of violence, as well as violent physical contact. He further argues that the district court erred in looking to the Iowa charging document to resolve any ambiguity as to whether his offense was a crime of violence.

## II. DISCUSSION

"Whether a previous offense of conviction is a 'crime of violence' is a question of law that we review de novo." United States v. Llanos-Agostadero, 486

5

F.3d 1194, 1196 (11th Cir. 2007) (per curiam). The Sentencing Guidelines mandate a 16-point increase in the base offense level for a defendant convicted of unlawful reentry if the defendant has previously been deported after "a conviction for a felony that is . . a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). A "[c]rime of violence" is described as "any offense under . . . state . . . law that has as an element the use, attempted use, or threatened use of physical force against the person of another." Id. comment. (n.1(B)(iii)). While we generally apply a categorical approach to the question of what constitutes a crime of violence, looking no further than the fact of conviction and the statutory definition of the prior offense, when the conviction and statute are ambiguous, the district court may look to the "'charging document[s], written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" Llanos-Agostadero, 486 F.3d at 1197 (quoting United States v Aguilar-Ortiz, 450 F.3d 1271, 1273 (11th Cir. 2006) and citing Shepard v. United States, 544 U.S. 13, 19-26, 125 S.Ct. 1254, 1259-63 (2005)).

In Iowa, one commits the "aggravated misdemeanor" of assault on a peace officer if he "commits an assault, as defined in section 708.1, against a peace officer . . . and . . . causes bodily injury or mental illness." Iowa Code § 708.3A(3). Section 708.1 defines assault as any of the following:

6

1. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.

2. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.

3. Intentionally points any firearm toward another, or displays in a threatening manner any dangerous weapon toward another.

Iowa Code § 708.1(1)-(3).

We have not specifically addressed whether a violation of Iowa's assault on a peace officer statute categorically qualifies as a crime of violence; however, we have held that violation of Georgia's simple battery statute, which states that "[a] person commits the offense of simple battery when he or she . . . : (1) [i]ntentionally makes physical contact of an insulting or provoking nature with the person of another," is, categorically, a crime of violence, for purposes of an analogous federal provision. United States v. Griffith, 455 F.3d 1339, 1341 (11th Cir. 2006) (for the purpose of 18 U.S.C. § 922(g)(9)); see also Llanos-Agostadero, 486 F.3d at 1197 (observing that there is no meaningful distinction between the definition of "crime of violence" in § 2L1.2 and 18 U.S.C. § 922(g)(9)). In addition, we have held that violation of Florida's battery-on-a-law-enforcement-officer statute, which defines battery as "'when a person: (1) [a]ctually and

7

intentionally touches or strikes another person . . . <u>or</u> (2) [i]ntentionally causes bodily harm to another person,'" is a crime of violence. <u>United States v. Glover</u>, 431 F.3d 744, 749 (11th Cir. 2005) (per curiam) (quoting Fla. Stat. §§ 784.03, 784.07) (emphasis added).

In this case, the Iowa assault statute under which Cordova was convicted is similar to the Georgia and Florida battery statutes in <u>Griffith</u> and <u>Glover</u>, in that intent to cause bodily harm or physical injury is not required for its violation. <u>See</u> <u>Griffith</u>, 455 F.3d at 1341, <u>Glover</u>, 431 F.3d at 749. Therefore, because we have held that violation of either of those laws constitutes a crime of violence, it follows that violation of Iowa's assault statute also constitutes a crime of violence, notwithstanding the absence of an explicit requirement that the defendant intend to cause physical injury.

Even if violation of the statute were not categorically a crime of violence, the district court did not err in resolving any ambiguity by looking to the charging document, which alleged that Cordova assaulted a police officer, "thereby causing bodily injury." Doc. 24-2 at 8; <u>Llanos-Agostadero</u>, 486 F.3d at 1197. Cordova's argument that physical injury was not a necessary element of his offense is categorically incorrect because, although the Iowa definition of "assault" does not contain an element of physical injury, the statute setting forth the aggravated

8

misdemeanor of assault on a police officer does. See Iowa Code § 708.3A(3). In addition, the judgment of conviction indicates that Cordova pled guilty to the offense "as alleged in the [charging document]," thus clearing up any ambiguities as to whether his offense involved a physical injury. See Doc. 24-2 at 10.

Although Cordova is correct that the charging document and judgment of conviction each list a violation of Iowa Code § 708.3A(4), which is a "serious misdemeanor" punishable by not more than one year in prison, it can only be a scrivener's error in light of the facts that the charging document (Trial Information) both (1) describes an the offense listed under § 708.3A(3) and (2) parenthetically identifies the charged offense as an "aggravated misdemeanor." See id. at 8. Further, it is uncontested that Cordova was sentenced to two years in prison which qualifies the offense as a felony for purposes of § 2L1.2.[1] Accordingly, we conclude that Cordova's Iowa conviction meets the definition of "crime of violence" for the purposes of the 16-level increase prescribed by § 2L1.2(b)(1)(A).

### III. CONCLUSION

Cordova appeals his 77-month sentence for illegal reentry after deportation.

---

[1] We need not address Cordova's argument that the district court erred by looking to the "minutes of testimony" to resolve any ambiguity as to the nature of Cordova's Iowa conviction because, as discussed, the statute under which Cordova was convicted meets the definition of crime of violence on its face according to our decisions in Griffith and Glover.

Because we find that Cordova's prior Iowa conviction for assaulting a police officer categorically qualifies as a crime of violence and that, even if it did not, the district court properly resolved any ambiguity by looking to the charging document, which stated that Cordova had caused injury to the officer whom he assaulted, we **AFFIRM** Cordova's sentence.