[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 4, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-13290
Non-Argument Calendar

_____

D. C. Docket No. 07-00419-CR-CC-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGEL CASTILLO-VILLAGOMEZ,
a.k.a. Jesus Villagomez-Castillo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 4, 2008)**

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Angel Castillo-Villagomez appeals from his 18-month sentence for illegal

reentry into the United States following deportation, in violation of 8 U.S.C. §

1326(a), (b)(2). He argues that the district court erroneously applied the eight-level aggravated-felony enhancement in U.S.S.G. § 2L1.2(b)(1)(C), rather than the four-level "any other felony" enhancement in § 2L1.2(b)(1)(D), for his prior guilty plea in Georgia state court to three counts of cruelty to children. After careful review, we affirm.

A district court must begin the sentencing process by correctly calculating the applicable guidelines range. Gall v. United States, 128 S.Ct. 586, 596 (2007). The government bears the burden of proving the applicability of any guidelines enhancements. United States v. Ndiaye, 434 F.3d 1270, 1300 (11th Cir. 2006). On review, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." Gall, 128 S.Ct. at 597. Questions of law raised at sentencing are reviewed de novo. United States v. DeVegter, 439 F.3d 1299, 1303 (11th Cir. 2006).

Under U.S.S.G. § 2L1.2(b)(1)(C), if the defendant was previously deported after conviction for an aggravated felony, eight levels should be added to the base offense level. Application Note 3(A) explains that "'aggravated felony' has the meaning given that term in 8 U.S.C. § 1101(a)(43)." That section of the Immigration and Nationality Act ("INA") lists various crimes that qualify as aggravated felonies, including "a crime of violence (as defined in section 16 of

2

Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). Crime of violence is defined in 18 U.S.C. § 16(b) as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." "[Section] 16(b) plainly does not encompass all offenses which create a 'substantial risk' that injury will result from a person's conduct. The 'substantial risk' in § 16(b) relates to the use of force, not to the possible effect of a person's conduct." Leocal v. Ashcroft, 543 U.S. 1, 10 n.7 (2004).

The Georgia Code defines the offense of cruelty to children -- the offense of which Castillo-Villagomez was previously convicted -- as follows:

> (a) A parent, guardian, or other person supervising the welfare of or having immediate charge or custody of a child under the age of 18 commits the offense of cruelty to children in the first degree when such person willfully deprives the child of necessary sustenance to the extent that the child's health or well-being is jeopardized.
>
> (b) Any person commits the offense of cruelty to children in the first degree when such person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain.
>
> (c) Any person commits the offense of cruelty to children in the second degree when such person with criminal negligence causes a child under the age of 18 cruel or excessive physical or mental pain.
>
> (d) Any person commits the offense of cruelty to children in the third degree when:

3

(1) Such person, who is the primary aggressor, intentionally allows a child under the age of 18 to witness the commission of a forcible felony, battery, or family violence battery; or

(2) Such person, who is the primary aggressor, having knowledge that a child under the age of 18 is present and sees or hears the act, commits a forcible felony, battery, or family violence battery.

O.C.G.A. § 16-5-70(a)-(d).

In determining whether a prior conviction in state court meets a federal violent-crime definition, we apply a formal categorical approach that looks at statutory definitions rather than underlying facts. Taylor v. United States, 495 U.S. 575, 600 (1990); United States v. Llanos-Agostadero, 486 F.3d 1194, 1196-97 (11th Cir. 2007). In general, this requires us "to look only to the fact of conviction and the statutory definition of the prior offense." Taylor, 495 U.S. at 602. However, in a narrow range of cases, the state statute will include multiple offenses, only some of which would meet the federal violent-crime definition. Id. In such cases, we may take a limited look behind the fact of conviction, to the charging papers and jury instructions, to determine whether the jury was actually required to find all the elements of an offense that would meet the violent-crime definition. Id.; Llanos-Agostadero, 486 F.3d at 1197. If the state conviction was the result of a guilty plea, we review the statutory definition, the terms of the charging document, the terms of a written plea agreement or transcript of the plea

4

colloquy, or explicit factual findings by the trial judge to which the defendant assented. Shepard v. United States, 544 U.S. 13, 26 (2005).

Before his 1998 deportation, Castillo-Villagomez pled guilty to three counts of cruelty to children. The plain language of the cruelty-to-children statute, O.C.G.A. § 16-5-70, identifies a variety of offenses, only some of which could give rise to a substantial risk that physical force would be used in their commission; because of this ambiguity, we must look to the charging documents and plea agreement or transcript to determine which section of the statute Castillo-Villagomez previously violated. Shepard, 544 U.S. at 26. Castillo-Villagomez pled to the following count as it appeared in the indictment: "the offense of CRUELTY TO CHILDREN [on grounds that he] did unlawfully and maliciously cause Anna Castillo . . . cruel and excessive mental pain by threatening to hit her, saying he would hate her and telling her he would not give her money anymore, if she told anyone he touched her vagina and vaginal area." The record gives no indication that his plea referenced a particular subsection number or degree of the offense, but it does indicate that he pled to maliciously causing cruel or excessive mental pain, one of the several first-degree-cruelty offenses identified in § 16-5-

70(b).[1]  Moreover, the count plainly says that Castillo-Villagomez "threaten[ed] to hit" the child.

Although maliciously causing cruel or excessive mental pain may be a non-physical offense, we conclude that "maliciously caus[ing] a child under the age of 18 cruel or excessive physical or mental pain" is nonetheless a felony which involves a substantial risk that physical force may be used against the victim in the course of committing the offense. See Ramsey v. I.N.S., 55 F.3d 580, 583 (11th Cir. 1995) (holding that a conviction for attempted lewd assault of a person less than sixteen years old under Florida law involves a "substantial risk that physical force may be used" and thus constitutes a crime of violence under 18 U.S.C. § 16(b)).  Cf. United States v. Arellano-Ramirez, 61 F. App'x 119 (5th Cir. 2003) (unpublished opinion) (upholding district court's determination that Georgia's cruelty-to-children statute, O.C.G.A. § 16-5-70(b), constitutes a crime of violence under 18 U.S.C. § 16(a) because although the offense does not require proof of physical force, a crime of violence may be perpetrated by the attempted or threatened use of force); U.S. v. Spencer, 271 F. App'x 977, 978-979 (11th Cir. 2008) (unpublished opinion) (upholding district court's determination that

---

[1]At sentencing for the instant illegal-reentry conviction, the government introduced no documentation regarding two of the three child-cruelty counts, so the record reflects nothing about them except that they were lesser included offenses to other charges.

conviction under Florida's felony child abuse statute -- which requires (a) the intentional infliction of physical or mental injury upon a child; (b) an intentional act that could reasonably be expected to result in physical or mental injury to a child; or (c) active encouragement of any person to commit an act that results or could reasonably be expected to result in physical or mental injury to a child -- as a crime of violence under the career criminal enhancement, since sexual offenses against minors "always present a substantial risk that physical force will be used to ensure a child's compliance with an adult's sexual demands") (quotations omitted). Indeed, as the plea documents show, Castillo-Villagomez pled to maliciously causing "cruel and excessive mental pain by," among other things, a blatant use of force: "threatening to hit her." Therefore, the district court did not err in concluding that the felony to which Castillo-Villagomez pled was an aggravated felony.

**AFFIRMED.**