[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14316
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 1, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-20190-ASG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLTON AUGUSTUS BROWN,
a.k.a. Cortney Escoffery,
a.k.a. Kendrick Bernard Fuller,
a.k.a. Winston Thompson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 1, 2011)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Carlton Augustus Brown appeals his 57-month below-guidelines sentence imposed following his conviction for illegally re-entering the United States after conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). On appeal, he raises various arguments challenging the substantive reasonableness of his sentence. After careful review, we affirm.

I.

Brown argues that the application of the U.S.S.G. § 2L1.2(b)(1)(A)(i)'s 16-level enhancement for his 1987 drug offense results in an unreasonable sentence because the enhancement double-counts the 1987 conviction by using it to increase both his criminal history score and offense level, which undermines the purposes of §3553(a).

We review *de novo* the district court's application and interpretation of the sentencing guidelines. *United States v. Wilks*, 464 F.3d 1240, 1242 (11th Cir. 2006). We review the reasonableness of sentences imposed under the advisory Sentencing Guidelines under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597 (2007). A district court abuses its discretion when it fails to afford consideration to relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors, such as

2

balancing the factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 1813 (2011). Reasonableness review is deferential, and the burden of establishing unreasonableness lies with the party challenging the sentence. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

When reviewing a sentence for substantive reasonableness, we evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing under § 3553(a). *Id.* A defendant's personal disagreement with the district court's assessment of one or more of the factors will not be a sufficient reason to vacate as unreasonable a district court's careful consideration of the § 3553(a) factors. *See United States v. Valnor*, 451 F.3d 744, 752 (11th Cir. 2006).

The Sentencing Commission intended prior felony convictions to count in determining both the criminal history category and the offense level under § 2L1.2. *See* U.S.S.G. § 2L1.2 comment. (n.6) ("A conviction taken into account under subsection (b)(1) is not excluded from consideration of whether that conviction receives criminal history points . . ."). We have held that the two guidelines provisions serve different purposes with the criminal history category serving "to punish likely recidivists more severely," and § 2L1.2(b)(1)(A) serving

"to deter aliens who have been convicted of a felony from re-entering the United States." *United States v. Adeleke*, 968 F.2d 1159, 1161 (11th Cir. 1992) (emphasis omitted).

Here, both of these purposes are served by the district court's using the 1987 drug trafficking conviction to calculate Brown's criminal history and his offense level. Brown committed several drug offenses and has been deported twice already. As a result, the district court's use of Brown's drug trafficking conviction to compute his criminal history score and his offense level did not render his sentence substantively unreasonable.

II.

Brown next argues that because the Southern District of Florida does not have a fast-track program, his higher sentence created an unwarranted sentencing disparity between him and similarly situated defendants in fast-track jurisdictions, which renders his sentence substantively unreasonable.

Under our prior precedent rule, we are bound to follow a prior binding precedent, "unless and until it is overruled by this court en banc or by the Supreme Court." *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003). In *United States v. Castro*, 455 F.3d 1249 (11th Cir. 2006), we held that "section 3553(a)(6) does not require the district court to depart based on the availability of the [fast-

4

track] departure in only some districts." *Id.* at 1253; *see also United States v. Llanos-Agostadero*, 486 F.3d 1194, 1199 (11th Cir. 2007) (holding that "a sentencing court may *not* consider fast-track disparities when imposing sentence."). Following *Kimbrough*, we held "that *Kimbrough* did not overrule *Castro* or its progeny." *Vega-Castillo*, 540 F.3d at 1238. We further held that district courts are prohibited from considering disparities created by fast-track programs in deciding whether to impose a downward variance. *Vega-Castillo*, 540 F.3d at 1238-39.

Settled law in this Circuit forecloses Brown's argument that the district court should have considered sentencing disparities between fast-track and non-fast-track districts when it imposed his sentence. Thus, consistent with *Vega-Castillo*, the district court committed no error in not considering the sentencing disparity between fast-track and non-fast-track districts, when it implicitly declined Brown's request to impose a below-guideline sentence based upon this disparity.

## III.

Finally, Brown contends that because his 57-month sentence was greater than necessary to fulfill the purposes of § 3553(a), his sentence is substantively unreasonable. Specifically, Brown contends that because he is an illegal alien as

5

opposed to a similarly situated American citizen, he will be incarcerated longer, will be subject to stricter confinement conditions, and will be ineligible to participate in certain programs, which renders his sentence unreasonable.

Brown has failed to demonstrate that his 57-month below-guidelines sentence is otherwise unreasonable. Because district courts are given due deference in assessing the statutory factors, Brown's opinion that the district court should have given more weight to his illegal alien status is not a sufficient reason to remand given the district court's reasoned analysis.

**AFFIRMED.**[1]

---

[1] Brown's request for oral argument is denied.