[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11118
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 25, 2012
JOHN LEY
CLERK

Docket No. 9:10-cr-80148-KLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDITH JOSE CABRERA,
a.k.a. Jose Medina,
a.k.a. Edith Jose Carera,
a.k.a. Jose Edith Cabrera,
a.k.a. Edith Cabrera Chikinkira,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 25, 2012)

Before EDMONDSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Edith Jose Cabrera appeals his 41-month sentence for illegally re-entering the United States after having been deported as an aggravated felon, 8 U.S.C. § 1326(a) and (b)(2). Cabrera received a 16-level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i), based on his 1991 conviction for conspiracy to possess with intent to distribute 64 kilograms of cocaine. No reversible error has been shown; we affirm.

On appeal, Cabrera argues that his sentence substantively is unreasonable because the district court failed to consider properly the 18 U.S.C. § 3553(a) factors and placed disproportionate weight on his 20-year-old drug trafficking conviction.[1] We evaluate the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007). The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

The weight to be given a particular section 3553(a) factor is left to the sound discretion of the district court. United States v. Williams, 526 F.3d 1312, 1322

---

[1]Cabrera also challenges the district court's authority to enhance his advisory guideline range based on a conviction that was neither alleged in the indictment nor proved to a jury beyond a reasonable doubt. We reject this argument because -- as Cabrera concedes -- it is foreclosed by our decision in United States v. Marseille, 377 F.3d 1249, 1257 (11th Cir. 2004) (relying on Almendarez-Torres v. United States, 118 S.Ct. 1219, 1222 (1998)).

(11th Cir. 2008). We will not reverse unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).

Cabrera has failed to demonstrate that his sentence is unreasonable. First, his 41-month sentence is at the low end of the 41 to 51-month advisory guideline sentence range, and we ordinarily expect such a sentence to be reasonable. See Talley, 431 F.3d at 787-88 (concluding that, although not per se reasonable, "ordinarily we would expect a sentence within the Guidelines range to be reasonable"). His sentence is also well below the 20-year statutory maximum sentence for his offense. See 8 U.S.C. § 1326(b)(2); United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (concluding that the reasonableness of a sentence may also be indicated when the sentence imposed was well below the statutory maximum sentence).

We also are unconvinced that the district court committed a clear error of judgment in weighing the statutory factors. The district court rejected expressly Cabrera's argument about the age of his drug trafficking conviction. And although

the court did not discuss each of Cabrera's other mitigating factors,[2] it was not required to do so. See United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005). Instead, it was sufficient that the district court acknowledged expressly that it had considered Cabrera's arguments and the section 3553(a) factors. See id.

Moreover, it was within the district court's discretion to weigh Cabrera's mitigating evidence against other factors, such as his criminal history and the need to promote respect for the law and to afford adequate deterrence. In doing so, the court concluded that although "[t]here are many factors here that you could sympathize with . . . I think we would be sending the wrong message to totally ignore the enormity of" Cabrera's drug trafficking crime. Based on this record, the court did not "focus single-mindedly" on one section 3553(a) factor to the detriment of the other factors and we see no abuse of discretion. See United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006) (concluding that a sentence was unreasonable when the district court "focused single-mindedly on the goal of restitution to the detriment of all of the other sentencing factors").

---

[2]At his sentencing hearing, Cabrera argued that he should receive a downward variance based on (1) the age of his drug trafficking conviction, (2) his recent lack of arrests or convictions, (3) his earlier cooperation with the government, and (4) that he returned to the United States to escape being tortured in his home country and to be closer to his children. About the third factor, the record demonstrates that, following his drug trafficking conviction, Cabrera assisted the government in several investigations and prosecutions of other drug traffickers. As a result of his cooperation, his sentence was reduced from 188 months' to 78 months' imprisonment.

4

We also reject Cabrera's argument that the 16-level enhancement under section 2L1.2(b)(1)(A)(i) is unreasonable per se. His contentions that section 2L1.2(b)(1)(A)(i) impermissibly double counts his criminal history and fails to take into account fast-track disparities are foreclosed by our decisions in United States v. Adeleke, 968 F.2d 1159, 1161 (11th Cir. 1992) (rejecting the defendant's argument that section 2L1.2(b)(1) was unconstitutional because it double counted his criminal history), and United States v. Llanos-Agostadero, 486 F.3d 1194, 1199 (11th Cir. 2007) (concluding that district courts are prohibited from considering "fast-track disparities when imposing [a] sentence"). In addition, we reject Cabrera's argument that section 2L1.2(b)(1)(A) is unreasonable because it fails to account for the severity of a prior offense: the guidelines permit a district court to grant a departure if the court concludes that the offense level under section 2L1.2(b)(1)(A) "substantially overstates or understates the seriousness of a prior conviction." See U.S.S.G. § 2L1.2, comment. (n.7).

AFFIRMED.