[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12121
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-00017-MP-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES CALVIN FOSTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 1, 2012)

Before TJOFLAT, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Charles Calvin Foster appeals his 150-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). The district court found that Foster was an armed career criminal under U.S.S.G. § 4B1.4, based in part on two prior Florida convictions for resisting an officer with violence, Fla. Stat. § 843.01, which the court deemed "violent felon[ies]" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). On appeal, Foster argues that the district court's finding and the Eleventh Circuit precedent on which it relied are erroneous. After careful review, we affirm.

We review de novo a district court's ruling that an offense is a "violent felony" under the ACCA. United States v. McGill, 618 F.3d 1273, 1274-75 (11th Cir. 2010). We may affirm on any basis supported by the record, even if not relied on by the district court. United States v. Al-Arian, 514 F.3d 1184, 1189 (11th Cir. 2008).

To determine whether an offense constitutes a "violent felony," we use a categorical approach, looking only at the fact of the defendant's conviction and the statutory definition of the prior offense. United States v. Llanos-Agostadero, 486 F.3d 1194, 1196-97 (11th Cir. 2007). In so doing, we have applied the same analysis to both violent felony enhancements under the ACCA and career offender provisions in the sentencing guidelines, although the provisions differ slightly in their wording. See, e.g., United States v. Lockley, 632 F.3d 1238, 1243 n.5 (11th Cir. 2011).

2

Florida law makes it a felony to "knowingly and willfully resist[], obstruct[], or oppose[] any officer . . . in the lawful execution of any legal duty, by offering or doing violence to the person of such officer." Fla. Stat. § 843.01. The ACCA defines a "violent felony" as any felony that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B) (emphasis added). Thus, a crime is a "violent felony" if it satisfies either the "elements clause," id. § 924(e)(2)(B)(i), or the "residual clause," id. § 924(e)(2)(B)(ii), of the statute.

In United States v. Romo-Villalobos, 674 F.3d 1246 (11th Cir. 2012), cert. denied, __ S. Ct. __ (Oct. 1, 2012) (No. 11-10997), the precedent relied upon by the district court, we held that a violation of Fla. Stat. § 843.01 constituted a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). There, "crime of violence" was defined under the sentencing guidelines nearly identically with "violent felony" under subsection (B)(i) of the ACCA (the elements clause), i.e., as an offense that "has as an element the use, attempted use, or threatened use of physical force against the

3

person of another." Romo-Villalobos, 674 F.3d at 1248-49; compare 18 U.S.C. § 924(e)(2)(B)(i), with U.S.S.G. § 2L1.2, comment. (n.1(B)(iii)).

In addition, in United States v. Nix, 628 F.3d 1341 (11th Cir. 2010), cert. denied, 132 S.Ct. 258 (2011), we reviewed the offense found in Fla. Stat. 843.01 under subsection (B)(ii) of the ACCA (the residual clause), and determined that it constituted a "violent felony." Id. at 1342. We are bound to follow Romo-Villalobos and Nix unless and until they are overruled by this Court en banc or by the Supreme Court. United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008) (quotations omitted) ("Under the prior precedent rule, we are bound to follow a prior binding precedent 'unless and until it is overruled by this court en banc or by the Supreme Court.'").

In this case, the district court did not err in concluding that Foster's two prior Florida convictions for resisting an officer with violence constitute "violent felonies" within the ACCA. First, Romo-Villalobos held that a violation of Fla. Stat. § 843.01 constituted a "violent felony" under an enhancement provision of the sentencing guidelines that contains nearly identical language to subsection (B)(i) of the ACCA. Romo-Villalobos, 674 F.3d at 1248-49. Moreover, in Nix, we reviewed the offense and determined that it constituted a "violent felony" under subsection (B)(ii) of the ACCA. Nix, 628 F.3d at 1342. Accordingly, our prior precedent dictates that a

4

violation of Fla. Stat. § 843.01 constitutes a violent felony under both the elements clause and the residual clause of the statute.  We affirm Foster's sentence.

**AFFIRMED.**