[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15896
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00178-SCJ-JFK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONEL MONTOYA-GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 1, 2013)

Before TJOFLAT, HULL and JORDAN, Circuit Judges.

PER CURIAM:

On April 26, 2011, Leonel Montoya-Garcia ("Montoya"), a citizen of Mexico, was deported after serving a prison sentence for violating the Street Gang Terrorism and Prevention Act, O.C.G.A. 16-15-1.  He subsequently reentered the United States, and on October 6, 2011, was arrested for a state offense.  This led to his indictment in this case, illegal reentry of a previously deported alien, in violation of 8 U.S.C. §§ 1326(a).  He pled guilty to the offense, and the District Court sentenced him to a prison term of 46 months.

He now appeals his sentence, arguing that it is substantively unreasonable in light of the purposes of sentencing expressed in 18 U.S.C., § 3553(a).  Two of the reasons why it is unreasonable, according to Montoya, is that the court, in applying U.S.S.G. § 2L1.2, engaged in a "multiple counting scheme, whereby his criminal history was counted twice in the sentence range calculation under the Guidelines;, aside from that, the court imposed a disparate sentence—different from those imposed in "fast track" district courts.  After careful review, we affirm Montoya's sentence.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007).  A sentence should be "sufficient, but not greater than necessary to comply with § 3553(a)'s purposes" of sentencing, including the need to reflect the seriousness of the offense, promote respect for the

law, provide just punishment, deter criminal conduct, and protect the public from the defendant's future crimes. *See* 18 U.S.C. § 3553(a)(2). In imposing a sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, and the need to avoid unwarranted sentencing disparities. *Id.* § 3553(a)(1),(3)-(4), (6).

The weight to be accorded to any given § 3553(a) sentencing purpose is a matter left to the court's discretion; thus, we will not substitute our judgment in weighing the relevant § 3553(a) purposes. *United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009). Although we do not automatically presume that a sentence falling within the Guidelines sentence range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). And a sentence well below the statutory maximum is another indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (considering the defendant's sentence was well below the statutory maximum as one factor indicating reasonableness).

A defendant's prior felonies may be counted under both the criminal history score and U.S.S.G. § 2L1.2. *United States v. Adeleke*, 968 F.2d 1159, 1161 (11th Cir. 1992). A court is not required to depart based on the availability of a "fast track" departure in other districts, and may not consider sentencing disparities

3

associated with early disposition programs in imposing sentence. *United States v. Llanos-Agostadero*, 486 F.3d 1194, 1198-99 (11th Cir. 2007).

We find that the District Court imposed a sentence that was supported by the record and met the purposes encompassed within § 3553(a). The court's finding that Montoya posed a risk to the public of committing further crimes was supported by evidence: (1) Montoya had previously been involved in a street gang and had assaulted victims with a baseball bat; (2) he returned to the United States within months of being deported; (3) he was arrested for the offense of "serious injury by vehicle" after his illegal return; (4) he twice pled guilty to driving without a license; and (5) he had been arrested for possession of a firearm or knife during the commission of a felony, and theft by receiving stolen property. Thus, after considering Montoya's history and personal characteristics, including his family and his criminal record, the court properly determined that Montoya's sentence needed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes. 18 U.S.C. § 3553(a)(1), (2)(A)-(C).

The prison term Montoya received fell well below the 20-year statutory maximum sentence applicable to his offense, further indicating that his sentence is reasonable. *See* 8 U.S.C. § 1326(b)(2); *see also Gonzalez*, 550 F.3d at 1324; *Hunt*, 526 F.3d at 746. To the extent that he argues that his prior felony conviction was

4

"double counted" in both his criminal history score and his offense level, his argument is foreclosed by our precedent. *See Adeleke*, 968 F.2d at 1161 (rejecting defendant's argument that counting a prior felony conviction under both his criminal history and § 2L1.2 constituted impermissible "double counting"). And, although he contends that the court should have focused on his background without regard to his applicable sentence range, the weight to be accorded to any given § 3553(a) factor is a matter left to the district court's discretion, and we will not substitute our judgment in weighing the relevant factors. *See Langston*, 590 F.3d at 1237. In any event, the district court was required to consider his guideline range when imposing his sentence. 18 U.S.C. § 3553(a)(3)-(4). Finally, his sentence did not create an unwarranted sentencing disparity. We have never held that U.S.S.G. § 2L1.2 lacks an empirical basis, and the district court was not required to depart based on the existence of "fast track" departures in other districts. *See Llanos-Agostadero*, 486 F.3d at 1198-99.

For the foregoing reasons, we find no basis for disturbing Montoya's sentence. His sentence is accordingly

AFFIRMED.