**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 31, 2006[*]
Decided May 31, 2006

**Before**

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-3477

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District <br> Court for the Western District of Wisconsin. |
| *v.* | No. 05-CR-069-C-01 |
| RAFAEL BARRAGAN-FLORES, <br> *Defendant-Appellant.* | Barbara B. Crabb, <br> *Chief Judge.* |

**O R D E R**

Rafael Barragan-Flores, a Mexican citizen, was convicted of being in the United States without permission after his removal. *See* 8 U.S.C. § 1326(a). He appeals his 37-month sentence and argues that the lack of a "fast-track" program in the Western District of Wisconsin, *see* Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003, Pub. L. No. 108-21, § 401, 117 Stat.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

650, 675; U.S.S.G. § 5K3.1, creates a disparity with § 1326(a) sentences imposed in districts that have such a program. We have already rejected the argument that any resulting disparity could render a sentence unreasonable, *see United States v. Martinez-Martinez*, 442 F.3d 539, 542-43 (7th Cir. 2006); *United States v. Galicia-Cardenas*, 443 F.3d 553, 555 (7th Cir. 2006) (per curiam), but Barragan-Flores contends that the differing treatment violates his right to due process and equal protection under the United States Constitution. We reject this contention and affirm the judgment.

We review Barragan-Flores's argument only for plain error because he did not raise it in the district court. *See United States v. Vonn*, 535 U.S. 55, 62-63 (2002); *United States v. Castillo*, 406 F.3d 806, 822 (7th Cir. 2005). Barragan-Flores attempts to frame his argument principally as a "geographically based equal protection" claim that warrants strict-scrutiny analysis. But only convicted felons are affected by the presence or absence of a fast-track program, and convicted felons are not a suspect class. *See United States v. Wicks*, 132 F.3d 383, 389 (7th Cir. 1997); *United States v. Carroll*, 110 F.3d 457, 461-62 (7th Cir. 1997). All that matters, then, is whether the legislative judgment to give the Attorney General the discretion to decide where to implement fast-track programs is rationally related to a legitimate government interest. *See Chapman v. United States*, 500 U.S. 453, 464-65 (1991); *Carroll*, 110 F.3d at 461-62. As our sister circuits have recognized, fast-track programs are rationally related to the government's legitimate interest in conserving prosecutorial and judicial resources. *See, e.g., United States v. Marcial-Santiago*, Nos. 05-30248, 05-30249, 05-30251, 2006 WL 1215444, at *3 (9th Cir. May 8, 2006); *United States v. Melendez-Torres*, 420 F.3d 45, 53 (1st Cir. 2005). Thus the implementation of fast-track programs in some but not all districts does not violate Barragan-Flores's equal protection rights. Moreover, it does no good for Barragan-Flores to cloak his same argument in due process terminology; in this context the analysis, and the result, is the same. *See Chapman*, 500 U.S. at 465; *Marcial-Santiago*, 2006 WL 1215444, at *3.

AFFIRMED.