[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 19, 2006
THOMAS K. KAHN
CLERK

No. 05-16082

D. C. Docket No. 05-00241 CR-01-BBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CELERINO CAMPOS-DIAZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Georgia

**(December 19, 2006)**

Before DUBINA and WILSON, Circuit Judges, and CORRIGAN,* District judge.

PER CURIAM:

_____

*Honorable Timothy J. Corrigan, United States District Judge for the Middle District of Florida, sitting by designation.

Defendant-Appellant Celerino Campos-Diaz appeals his sentence for illegal re-entry into the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2). Campos-Diaz has failed to show reversible error; therefore, we affirm his sentence. However, we vacate and remand for the limited purpose of correcting a clerical error in Campos-Diaz's judgment.

## I.

Campos-Diaz was sentenced in the United States district court for the Northern District of Georgia. He asserts that the absence of a fast-track, or early disposition sentencing program in that district, which would have allowed the district judge to apply a downward departure to his sentence under U.S.S.G. § 5K3.1, violates the Fifth Amendment Equal Protection Clause. Campos-Diaz therefore contends that the participation of some, but not all, federal judicial districts in the fast-track program creates an unconstitutional disparity between defendants sentenced in those districts and defendants sentenced in districts that do not participate in the program.

We made this observation about the fast-track program:

The fast-track departure is available to defendants who agree to the factual basis of the criminal charge and waive the rights to file pretrial motions, to appeal, and to seek collateral relief (except for ineffective assistance of counsel), but only in judicial districts that participate in a[n] early disposition program authorized by the

Attorney General of the United States and the United States Attorney for the district in which the court resides.

*United States v. Castro*, 455 F.3d 1249, 1251 (11th Cir. 2006) (quotations, citations, and alterations omitted). The Northern District of Georgia does not participate in the fast-track program.[1] *See id.*

## II.

We have not determined whether a judicial district's lack of participation in the fast-track program creates a distinction that rises to the level of an equal protection violation.[2] We now join the First, Seventh, and Ninth Circuits in concluding that the absence of a fast-track program in the judicial district where a defendant is sentenced does not violate equal protection.[3]

---

[1]Fast-track programs began in federal district courts in the southwestern United States to accommodate the large number of illegal re-entry and other immigration cases pending in those districts. *See United States v. Martinez-Flores*, 428 F.3d 22, 25 (1st Cir. 2005), *cert. denied*, 126 S. Ct. 1449 (2006). In 2003, Congress endorsed the fast-track program in the PROTECT Act, Pub. L. No. 108-21, 117 Stat. 650 (2003), which "instructed the United States Sentencing Commission to 'promulgate a policy statement authorizing a downward departure of not more than 4 levels if the Government files a motion for such departure pursuant to an early disposition program authorized by the Attorney General and the United States Attorney.'" *Martinez-Flores*, 428 F.3d at 25 (quoting 117 Stat. at 675) (internal alteration omitted). The Sentencing Commission then added U.S.S.G. § 5K3.1 to the Sentencing Guidelines, which provided for the downward departure authorized by the PROTECT Act. *Id.*

[2]In *Castro*, we concluded that a district court's failure to apply a fast-track departure was not plain error because the defendant in that case did not "identify any precedent, binding or otherwise, that has held that the limited availability of the fast-track departure violates equal protection." 455 F.3d at 1253.

[3]None of our sister circuits have reached a contrary conclusion.

3

*See United States v. Barragan-Flores*, 182 Fed. Appx. 576 (7th Cir. 2006)(unpublished)*; United States v. Marcial-Santiago*, 447 F.3d 715, 719 (9th Cir. 2006), *cert. denied sub nom. Acosta-Franco v. United States*, 127 S. Ct. 309 (2006); *United States v. Melendez-Torres*, 420 F.3d 45, 52-53 (1st Cir. 2005).

Campos-Diaz asserts that we should apply strict scrutiny analysis to his case because his right to liberty is at stake. However, no binding authority indicates that the distinction between defendants sentenced in fast-track districts and defendants sentenced in other districts involves a suspect classification or infringes on a fundamental right. *See Doe v. Moore*, 410 F.3d 1337, 1346 (11th Cir. 2005) ("Group classification by legislative act will be analyzed under [] strict scrutiny if the classification infringes fundamental rights or concerns a suspect class."), *cert. denied*, 126 S. Ct. 624 (2005). Therefore, the implementation of the fast-track program in some, but not all, judicial districts, as authorized by the PROTECT Act, is not subject to heightened scrutiny under the Equal Protection Clause.

Instead, we review the constitutionality of disparate access to fast-track programs under the rational basis test. *See Melendez-Torres*, 420 F.3d at 53 (reviewing the absence of a fast-track program under the rational basis test); *Marcial-Santiago*, 447 F.3d at 719 ("The fast-track provision of the PROTECT

Act applies only to convicted felons, and so we consider whether the provision is rationally related to a legitimate government interest."). Under the rational basis test, a law does not violate equal protection "so long as [it is] rationally related to a legitimate government interest." *United States v. Ferreira*, 275 F.3d 1020, 1025 (11th Cir. 2001). The fast-track program is rationally related to the legitimate government interest of conserving prosecutorial and judicial resources and easing congestion in judicial districts with a high volume of immigration cases. Therefore, we conclude that application of this program in only certain judicial districts does not violate equal protection, and we affirm Campos-Diaz's sentence.

## III.

Although we affirm Campos-Diaz's sentence, we note that his judgment contains a clerical error. The district court sentenced Campos-Diaz to 46 months imprisonment, but the judgment states that his term of imprisonment is 41 months. Neither party raised this issue; however, we may raise the issue of a clerical error in the judgment *sua sponte* and vacate and remand with instructions that the district court correct the error. *See United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006) (vacating and remanding with directions to the district court to correct clerical error where the judgment listed the wrong count of conviction). Therefore, although we affirm Campos-Diaz's sentence on the equal protection

issue raised on appeal, we vacate and remand for the limited purpose of correcting the clerical error in his judgment.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**