**F I L E D**

**UNITED STATES COURT OF APPEALS**

**March 21, 2007**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESUS MACIAS-GONZALEZ, a/k/a
Daniel Gonzalez,

    Defendant - Appellant.

No. 05-2234
(D.C. No. CR-04-1782-JB )
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **EBEL**, and **HOLMES**, Circuit Judges.

Defendant-Appellant Jesus Macias-Gonzales pled guilty to illegal reentry after conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1), (2) and (b)(2), and was sentenced to fifty-seven months' imprisonment. On appeal, Mr. Macias-Gonzales claims that the district court: (1) coerced his guilty plea by participating in plea discussions in violation of Rule 11, Federal Rules of Criminal Procedure, and (2) violated the principle of separation of powers by rejecting the parties' plea agreement. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

    * This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**Background**

After Mr. Macias-Gonzales entered a guilty plea before a magistrate judge, the parties entered a fast-track Rule 11(c)(1)(C) plea agreement[1] that set Mr. Macias-Gonzales's offense level under the U.S. Sentencing Guidelines at 19. Subsequently, at the sentencing hearing, the district court initially accepted Mr. Macias-Gonzales's guilty plea. Mr. Macias-Gonzales then requested that the court impose a fifty-seven month term of imprisonment, which was the bottom of the Guidelines range. The government noted that Mr. Macias-Gonzales, having been convicted of a violent crime, would not be entitled to a fast-track plea agreement under its current policy. The district court, therefore, questioned its ability to accept the plea agreement.

The government noted that, without the fast-track agreement, Mr. Macias-Gonzales's offense level would be 21, subjecting him to a sentencing range of seventy to eighty-seven months rather than fifty-seven to seventy-one months. The district court stated that it had no trouble with the fifty-seven month term of imprisonment, which the parties contemplated, but it did have concerns about reaching that term through a downward departure under the fast-track program. The district court offered to reject the plea agreement, and, on the parties' request, to "deviat[e] down" from the applicable Guidelines range to reach fifty-seven months. ROA Vol. III at 12.

---

[1] *See generally United States v. Morales-Chaires*, 430 F.3d 1124, 1127 (10th Cir. 2005) (describing fast-track programs, "whereby defendants accused of certain immigration offenses would plead guilty early in the process and waive their rights to file certain motions and to appeal, in exchange for a shorter sentence").

On the motion of Mr. Macias-Gonzales's counsel, the district court did reject the plea agreement. Mr. Macias-Gonzales pled guilty with the understanding that the district court would "depart downward" under *United States v. Booker*, 543 U.S. 220 (2005), from the offense level of 21.[2] ROA Vol. III at 13. The district court noted that it had fully considered the Guidelines range of seventy to eighty-seven months. However, in light of factors expressed in 18 U.S.C. § 3553(a), including providing just punishment and affording an adequate deterrent, it had decided to impose a non-Guidelines sentence of fifty-seven months.

## Discussion

### A. Rule 11

Because Mr. Macias-Gonzales did not object to the alleged violation of Rule 11 before the district court, our review is for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). Under plain error analysis, the appellant must establish: (1) an error, (2) that is plain, and (3) that affects substantial rights. *See United States v. Edgar*, 348 F.3d 867, 871 (10th Cir. 2003). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects

---

[2]     Although defense counsel referred to a downward departure and the court initially spoke in terms of a deviation downward, looking at the sentencing proceeding as a whole, it is clear that the parties and the court contemplated a downward "variance" from the otherwise applicable Guidelines range. *See generally United States v. Atencio*, 476 F.3d 1099, 1101 n.1 (10th Cir. 2007) (noting "some inconsistency in our circuit's post-*Booker* nomenclature" regarding the use of the terms "departure" and "variance" and clarifying that the latter term is used when "a court enhances or detracts from the recommended range through application of § 3553(a) factors").

the fairness, integrity, or public reputation of judicial proceedings." *Id*. (internal quotations omitted; quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)).

Rule 11(c)(1) prohibits a district court from participating in plea discussions between the government and a defendant. Although courts have enunciated several bases for Rule 11(c)(1)'s prohibition against judicial participation in plea negotiations, its primary purpose is to avoid the danger of a coerced plea. *See United States v. Diaz*, 138 F.3d 1359, 1363 (11th Cir. 1998).

In this case, it is not necessary to decide whether the district court's remarks constituted a violation of Rule 11 because Mr. Macias-Gonzales has made no showing that the alleged violation affected his substantial rights. Mr. Macias-Gonzales ultimately received the same fifty-seven month sentence for which he had initially bargained. Indeed, Mr. Macias-Gonzales conceded at oral argument that he was not prejudiced by the district court's action. Nothing in the facts suggests that the district court attempted to shape the parties' agreement, to persuade either side to accept a particular deal, or to threaten Mr. Macias-Gonzales with negative consequences if he failed to plead guilty.

Accordingly, we hold that Mr. Macias-Gonzales is not entitled to relief because his substantial rights were not affected by any alleged violation of Rule 11(c)(1).

### B. Separation of Powers

Mr. Macias-Gonzales further alleges that the district court violated the government's independence when it enforced the government's internal policies and rejected a plea agreement that did not comply with the fast-track program. We review the

district court's rejection of a plea agreement for abuse of discretion. *See United States v. Robertson*, 45 F.3d 1423, 1437 (10th Cir. 1995). However, the extent of a district court's discretion varies with the type of plea agreement at issue. *Id.*

Because sentencing is within the exclusive purview of the district court, the court has a wide range of discretion to either accept or reject sentence bargains, as contemplated by Rule 11(c)(1)(B) and (C). *Id.* Conversely, charge bargains, authorized by Rule 11(c)(1)(A), implicate primarily prosecutorial discretion so that courts must be wary of "second-guessing prosecutorial choices." *Id.* at 1438. Finally, hybrid plea agreements, which involve elements of charge and sentence bargains, embrace both prosecutorial and judicial discretion. *Id.*

Here, as Mr. Macias-Gonzales acknowledged, the plea agreement at issue is a sentence bargain. Therefore, the district court possessed very broad discretion to reject the plea agreement. The district court rejected the plea agreement because it did not comply with the congressionally-approved fast-track program. In our judgment, the district court did not abuse its discretion in rejecting Mr. Macias-Gonzales's plea agreement for this reason.

Although not expressed by the district court, its determination maintained the integrity of the fast-track program, which it found did not offer leniency to violent offenders. This program benefits not only the government but also the courts by decreasing the drain on judicial resources. We conclude, therefore, that the district court did not abuse its discretion in rejecting the plea agreement. *See United States v.*

5

*Carrigan*, 778 F.2d 1454, 1462 (10th Cir. 1985) ("While '[t]he procedures of Rule 11 are largely for the protection of criminal defendants . . . Rule 11 also contemplates the rejection of a negotiated plea when the district court believes that bargain is too lenient, or otherwise not in the public interest.'" (quoting *United States v. Miller*, 722 F.2d 562, 563 (9th Cir.1983))); *see, c.f., United States v. Campos-Diaz*, 472 F.3d 1278, 1280 (11th Cir. 2006) ("The fast-track program is rationally related to the legitimate government interest of conserving prosecutorial and judicial resources and easing congestion in judicial districts with a high volume of immigration cases.").

The district court's judgment is **AFFIRMED.**

Entered for the Court

Jerome A. Holmes
Circuit Judge