[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 8, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14341
Non-Argument Calendar

_____

D. C. Docket No. 07-00019-CR-ORL-19-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR CASTILLO-CUEVAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 8, 2008)**

Before DUBINA, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Victor Castillo-Cuevas appeals his sentence imposed after pleading guilty to illegal re-entry of a removed alien, in violation of 8 U.S.C. 1326(a) and (b)(2). Castillo-Cuevas raises two issues on appeal. First, he asserts his Fifth and Sixth Amendment rights were violated because the district court used his prior convictions that were not alleged in the indictment or proven to a jury beyond a reasonable doubt to enhance his sentence. Second, Castillo-Cuevas challenges the availability of the fast-track or early disposition program on two grounds. He first asserts his sentence was unreasonable because "similarly situated defendants in other jurisdictions receive reduced sentences, demonstrating that those reduced sentences are 'sufficient, but not greater than necessary' to ensure the purposes of sentencing." He also contends the Government's failure to release the written terms of its fast-track or early disposition program and the sentencing disparity caused by the program violates his right to equal protection. We address each issue in turn, and affirm Castillo-Cuevas's sentence.

I.

We review *de novo* questions concerning the constitutionality of a sentence. *United States v. Paz,* 405 F.3d 946, 948 (11th Cir. 2005). In *United States v. Almendarez-Torres*, 118 S. Ct. 1219, 1222 (1998), the Supreme Court held a defendant's prior convictions used to enhance a sentence are not to be treated as an

2

element of the offense for constitutional purposes, and as a result, the prior conviction is not required to be alleged in the indictment. We have held the Supreme Court's decision in *Almendarez-Torres* "was left undisturbed by *Apprendi*, *Blakely*, and *Booker*," *United States v. Shelton*, 400 F.3d 1325, 1329 (11th Cir. 2005) and "unless and until the Supreme Court specifically overrules *Almendarez-Torres*, we will continue to follow it," *United States v. Greer*, 440 F.3d 1267, 1273 (11th Cir. 2006).

Despite his assertion that he never admitted to the predicate convictions, Castillo-Cuevas was in detention for violating his probation after being sentenced for engaging in sexual activity with a minor at the time of his arrest for the instant offense, and his alien file contained a 1992 judgment against him for battery. The district court overruled his objection to the inclusion of any prior convictions or information relating to the convictions. As both Supreme Court and our precedent conclude prior convictions need not be charged in the indictment or proved to a jury, Castillo-Cuevas's argument to the contrary fails.

II.

*A.     Reasonableness*

"Section 3553(a) enumerates several factors that must be considered to determine a reasonable sentence, and the 'need to avoid unwarranted sentence disparities,' 18 U.S.C. § 3553(a)(6), is one of them." *United States v. Castro*, 455 F.3d 1249, 1252 (11th Cir. 2006).  However, "section 3553(a)(6) does not require the district court to depart based on the availability of the [fast-track] departure in only some districts." *Id.* at 1253.  "Any disparity created by section 5K3.1 [the fast-track guideline] does not fall within the scope of section 3553(a)(6).  When Congress directed the Sentencing Commission to allow the departure for only participating districts, Congress implicitly determined that the disparity was warranted." *Id.* at 1252 (internal citation omitted).  "[W]e cannot say that the sentences received by defendants in districts without fast-track programs are 'greater than necessary' to achieve the purposes of § 3553(a)(2) *solely because* similarly-situated defendants in districts *with* fast-track programs are eligible to receive lesser sentences." *United States v. Llanos-Agostadero*, 486 F.3d 1194, 1199 (11th Cir. 2007).  We have held it is impermissible to use the disparities created by the fast-track guideline as the basis for imposing a downward variant sentence. *United States v. Arevalo-Juarez*, 464 F.3d 1246, 1251 (11th Cir. 2006).

4

We recently held that our holdings in *Castro*, *Llanos-Agostadero*, and *Arevalo-Juarez* were not overruled by *Kimbrough v. United States*, 128 S. Ct. 558 (2007). *United States v. Vega-Castillo*, __ F.3d __, No. 07-12141, 2008 WL 3833826, at *3 (11th Cir. Aug. 19, 2008). Thus, Castillo-Cuevas's argument his sentence was unreasonable because "similarly situated defendants in other jurisdictions receive reduced sentences, demonstrating that those reduced sentences are 'sufficient, but not greater than necessary' to ensure the purposes of sentencing," fails.

*B. Constitutionality of program*

We have held "no binding authority indicates that the distinction between defendants sentenced in fast-track districts and defendants sentenced in other districts involves a suspect classification or infringes on a fundamental right." *United States v. Campos-Diaz*, 472 F.3d 1278, 1280 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 2085 (2007). Thus, we review the constitutionality of disparate access to "fast-track" programs under the rational basis test. *Id.*

"[T]he absence of a fast-track program in the judicial district where a defendant is sentenced does not violate equal protection."[1] *Id.* at 1279-80. "Under the rational basis test, a law does not violate equal protection so long as [it is]

---

[1]The Fifth Amendment to the U.S. Constitution states: "No person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Cont. amend. V. The Due Process Clause incorporates the guarantees of equal protection. *Johnson v. Robison*, 94 S. Ct. 1160, 1165 n.4 (1974).

5

rationally related to a legitimate government interest.  The 'fast-track' program is rationally related to the legitimate government interest of conserving prosecutorial and judicial resources and easing congestion in judicial districts with a high volume of immigration cases." *Id.* at 1280 (internal quotation and citation omitted).   Thus, Castillo-Cuevas's argument to the contrary fails.

The Guidelines' policy statement on early disposition programs states a court may depart downward "[u]pon motion by the government. . . ." *See* U.S.S.G. § 5K3.1.  The determination as to whether a defendant is eligible for the fast-track program, and therefore would receive a reduction in his sentence through a government motion for a downward departure, or a plea bargain, is a matter of prosecutorial discretion.   We review prosecutorial discretion to determine whether the decision of the prosecutor was motivated by unconstitutional considerations. *United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000) (regarding government's refusal to file a motion for a substantial assistance departure, and stating "the government cannot exercise that power, or fail to exercise that power, for an unconstitutional motive.") (citing *Wade v. United States*, 112 S. Ct. 1840, 1843 (1992)).  Castillo-Cuevas has failed to put forth an argument or introduce any evidence showing the United States Attorney's office used an unconstitutional

motive when it denied his eligibility for the fast-track program and refused to move for a downward departure.

## III.

Because Supreme Court and Eleventh Circuit precedent hold prior convictions need not be charged in the indictment or proved to a jury, Castillo-Cuevas's argument to the contrary fails. Additionally, Castillo-Cuevas's sentence is not unreasonable based on the fact similarly-situated defendants in districts with fast-track programs are eligible to receive lesser sentences. Finally, the availability and implementation of fast-track programs to defendants in other jurisdictions does not violate equal protection, and Castillo-Cuevas's ineligibility for the fast-track program is a matter of prosecutorial discretion that Castillo-Cuevas failed to show was abused. Accordingly, we affirm his sentence.

**AFFIRMED.**