[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12796
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 18, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 09-60020-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ZAMIR GOMEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 18, 2009)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Zamir Gomez appeals his sentence of 57-months imprisonment for illegally

entering the United States after deportation and without consent, in violation of 8 U.S.C. § 1326(a) and (b)(2). Gomez argues that his sentence was unreasonable because fast-track plea programs in other federal districts create a sentencing disparity with the district where he was sentenced, which did not have a fast-track program. We find that the existence of fast-track programs in limited federal districts does not create an unwarranted sentencing disparity. The sentence imposed by the district court was not unreasonable and is affirmed.

## I.

Gomez was deported from the United States on September 28, 2006, after being convicted of conspiracy to possess with intent to distribute cocaine. On October 25, 2008, agents from Immigration and Customs Enforcement ("ICE") discovered Gomez at Broward county jail, in the Southern District of Florida. Gomez admitted to the ICE agents that he had illegally entered the United States on October 1, 2007.

Gomez was convicted of reentering the United States, without permission, after deportation for an aggravated felony. 8 U.S.C. § 1326(a) and (b)(2). The calculated offense level of 21 and criminal history category of 4 put Gomez in a sentencing range of 57–71-months prison. Gomez was sentenced to the minimum, 57-months prison. At the sentencing hearing Gomez argued that he was entitled to

2

a 4-point reduction pursuant to U.S.S.G. § 5K3.1 (2008).[1]  The 4-point reduction

would place Gomez in a sentencing range of 24–36-months.  Gomez

acknowledged that the Southern District of Florida has not established a fast-track

program under § 5K3.1.  However, Gomez argued that because similarly situated

defendants in fast-track districts are entitled to the 4-point reduction, denying him

the 4-point reduction would lead to an unwarranted sentencing disparity that would

result in an unreasonable sentence pursuant to 18 U.S.C. § 3553(a)(6).  The district

court denied the 4-point reduction.  We affirm.

## II.

The district court's application and interpretation of the sentencing

guidelines is reviewed *de novo*.  *United States v. Wilks*, 464 F.3d 1240, 1242 (11th

Cir. 2006).  Matters involving the interpretation of federal statutes are reviewed *de

novo*.  *United States v. Castro*, 455 F.3d 1249, 1251 (11th Cir. 2006) (citation

omitted).  The sentence imposed by the district court is reviewed for

reasonableness.  *Id.* (quoting *United States v. Talley*, 431 F.3d 784, 785 (11th Cir.

2005)).  In determining the reasonableness of a sentence we must evaluate whether

it achieves the purposes of sentencing as stated in § 3553(a).  *Talley*, 431 F.3d at

---

[1]"Upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." U.S.S.G. § 5K3.1.

3

788.

**III.**

The § 5K3.1 fast-track program does not create a sentencing disparity as defined in 18 U.S.C. § 3553(a)(6).[2] *Castro*, 455 F.3d at 1252–53. Congress created the fast-track program as a way to alleviate the growing pressure on the judicial system created by the increasing number of illegal reentry cases in certain districts. *See United States v. Arevalo-Juarez*, 464 F.3d 1246, 1251 (11th Cir. 2006). When Congress granted the § 5K3.1 departure only for those districts with authorized fast-track programs it contemplated that disparities would arise between districts that had the fast-track program and those that did not. This implies that Congress found the inconsistent application of the fast-track programs to be a warranted disparity. *Castro*, 455 F.3d at 1252 (citing the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003, Pub. L. No. 108–21 § 401(m)(2)(B), 117 Stat. 650, 675).

The law of this Circuit is clearly established, "Congress anticipated that such departures would create sentencing disparities, so the resulting disparities are not 'unwarranted' disparities within the scope of § 3553(a)(6)." *Arevalo-Juarez*, 464

---

[2]"The court, in determining the particular sentence to be imposed, shall consider--the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

F.3d at 1250; *see also United States v. Vega-Castillo*, 540 F.3d 1235, 1238 (11th Cir. 2008) (§ 5K3.1 does not create a sentencing disparity that falls within the scope of § 3553(a)(6)); *United States v. Llanos-Agostadero*, 486 F.3d 1194, 1199 (11th Cir. 2007) ("sentencing court may *not* consider fast-track disparities when imposing sentence."); *United States v. Campos-Diaz*, 472 F.3d 1278, 1280 (11th Cir. 2006) ("the absence of a fast-track program in the judicial district where a defendant is sentenced does not violate equal protection."). Therefore, an inconsistent application of § 5K3.1 does not constitute an unwarranted disparity as defined by § 3553(a)(6). Accordingly, Gomez has not established a basis for this Court to find his sentence unreasonable, and we affirm.

## IV.

The district court properly denied Gomez's request for a 4-point reduction under § 5K3.1. We find no basis to declare the district court's sentence unreasonable.

**AFFIRMED**.