[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14371
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:10-cr-14030-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL RUIZ QUIROZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 15, 2011)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Manuel Ruiz Quiroz appeals his total 120-month sentence, imposed after his

conviction on two counts of mail fraud, in violation of 18 U.S.C. § 1341. The

district court imposed an upward variance of 42 months above the advisory guidelines range of 63-78 months. Quiroz argues that his sentence is unreasonable because the district court erroneously relied on his prior arrest record in the presentence investigation report ("PSI") and attached undue weight to remote and dissimilar prior criminal conduct.

"We review the reasonableness of a sentence for abuse of discretion using a two-step process." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir.), *cert. denied,* 131 S.Ct. 674 (2010). This "deferential abuse-of-discretion standard" applies regardless of whether the sentence is "inside, just outside, or significantly outside the Guidelines range." *United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008) (quotation omitted). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *Tome*, 611 F.3d at 1378.

First, we look for any significant procedural errors, such as improper application of the Guidelines, failure to consider § 3553(a) factors, basing a sentence on clearly erroneous facts, or failure to adequately explain the sentence imposed. *Livesay*, 525 F.3d at 1091. Second, we review the substantive reasonableness of a sentence by taking into account the "totality of the circumstances" and "giv[ing] due deference to the district court's decision that the

§ 3553(a) factors, on a whole, justify the extent of the variance." *Id.* (quotation omitted). Under the substantive reasonableness prong, the "district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*), *cert. denied* 131 S. Ct. 1813 (2011). However, we will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (quotation omitted).

Quiroz's above-guideline sentence is not unreasonable. The district court considered the § 3553(a) factors and thoroughly explained its reasoning for imposing an upward variance. The district court, in relying on the uncontested facts of Quiroz's criminal history in the PSI, did not consider clearly erroneous facts in determining the sentence. *See United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005) (holding that facts in the PSI are deemed admitted when a defendant makes no factual objections to the PSI).

Furthermore, the sentence is not substantively unreasonable merely because the district court considered Quiroz's prior arrests and criminal convictions from the PSI. *See, e.g., United States v. Shaw*, 560 F.3d 1230, 1239-41 (11th Cir. 2009). First, with respect to the arrests and convictions that did not count towards his criminal history for guidelines purposes, this information is still relevant in determining the final sentence. *See Tome*, 611 F.3d at 1379 (holding that a district court is free to consider any relevant information on "background, character, and conduct," including conduct not resulting in a conviction); *see also,* 18 U.S.C. § 3661. Additionally, the district court may consider facts that have already been taken into account in calculating the sentencing range. *See United States v. Williams*, 526 F.3d 1312, 1323-24 (11th Cir. 2008) (holding that consideration of a defendant's prior crimes "fits squarely into one of the § 3553(a) factors, the history and characteristics of the offender," regardless of whether those offenses were already included in the defendant's criminal history score). Finally, as noted by the district court, the record does not support the argument that Quiroz's prior convictions for crimes committed between the ages of 19 and 24 were too remote.

The district court carefully reviewed Quiroz's criminal history and offered him an opportunity to state any mitigating circumstances to help explain or minimize the severity of his criminal history. The district court emphasized

4

Quiroz's continued criminal conduct even after receiving lenient sentences and probation for his prior crimes. A review of the record as a whole indicates that the district court considered the § 3553(a) factors and determined that Quiroz's lengthy criminal history, perpetual recidivism, and lack of respect for the law all warranted an above-guideline sentence.

While we thus find no reversible error in the district court's 120-month sentence, there appears to be a clerical error in the district court judgment. The judgment states that "defendant pleaded guilty to Count(s) 1 and 2 of the indictment" whereas the record clearly indicates that Quiroz was convicted following a jury trial. Though neither of the parties raised this issue, we may raise the issue of clerical errors in the judgment *sua sponte* and remand with instructions that the district court correct the errors. *See United States v. Campos-Diaz*, 472 F.3d 1278, 1280 (11th Cir. 2006). Although we affirm Quiroz's sentence as to the reasonableness issues raised on appeal, we vacate and remand for the limited purpose of correcting this error.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**[1]

---

[1] Quiroz's request for oral argument is denied.