[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15801
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 19, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:10-cr-00312-SDM-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HILARIO CAMPOS-ALARCON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 19, 2011)

Before BARKETT, MARCUS, and MARTIN, Circuit Judges.

PER CURIAM:

Hilario Campos-Alarcon appeals his 24-month sentence, imposed after he pleaded guilty to conspiracy to transport at least six undocumented aliens within the United States for commercial advantage or private financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and (a)(1)(B)(i) ("Count 1"); transport of at least four undocumented aliens within the United States for commercial advantage or private financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (B)(i) ("Count 2"); illegal re-entry into the United States after deportation, in violation of 8 U.S.C. § 1326(a) ("Count 3"); and illegal re-entry into the United States at a time and place not designated by immigration officials, in violation of 8 U.S.C. §§ 1325(a)(1) and 1329 ("Count 4"). On appeal, Campos-Alarcon asserts that his above guidelines 24-month sentence is substantively unreasonable. After a thorough review of the record and the parties' briefs, we affirm the sentence, but remand for correction of a clerical error contained in the district court's judgment.

A district court must impose a sentence that is both procedurally and substantively reasonable. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). We review the reasonableness of a sentence "under a deferential abuse-of-discretion standard." Id. "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

2

A sentence is substantively unreasonable if it "fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Pursuant to § 3553(a), the sentencing court must impose a sentence "sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future criminal conduct by the defendant, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. §§ 3553(a)(1), (3)-(7).

We find no error in the sentence imposed. The facts relied upon by the district court – Campos-Alarcon's repeated unlawful re-entries into the United States and the number of undocumented aliens transported – are both appropriate considerations under 18 U.S.C. § 3553(a)(2). That in light of these facts the district court determined that a sentence within the guideline range was not long enough to serve the purposes of § 3553(a) is precisely the type of discretionary

3

determination the court is permitted to make. See Gall, 552 U.S. at 51, 128 S. Ct. at 597. Moreover, Campos-Alarcon's total sentence is well below the sixty year maximum that he faced for his offenses, which lends support to its reasonableness. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (sentence imposed far below statutory maximum penalty is relevant to determination of sentence's reasonableness). Under these circumstances, we find that the district court did not abuse its discretion by imposing a substantively unreasonable sentence.

Although we affirm the sentence, however, we find it necessary to remand for a clerical correction. We may sua sponte raise the issue of clerical errors in the judgment and remand with instructions that the district court correct the errors. See United States v. Campos-Diaz, 472 F.3d 1278, 1280 (11th Cir. 2006) (remanding with directions to the district court to correct the clerical error where the judgment stated an incorrect term of imprisonment). Remand for correction of the judgment is appropriate "only if the erroneous entry of the judgment [is] considered a clerical error, and the correction of the judgment would not prejudice the defendant in any reversible way." United States v. Diaz, 190 F.3d 1247, 1252 (11th Cir. 1999).

The judgment in this case incorrectly lists Count Two, as a "[c]onspiracy to transport at least four aliens within the United States by means of transportation," pursuant to 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (B)(i). However, Campos-Alarcon was indicted and pleaded guilty to a violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (B)(1), which proscribes illegally transporting aliens within the United States for the purpose of commercial advantage or private financial gain, with no mention of a "conspiracy." See 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (B)(i). The indictment and the plea hearing both correctly identify the charges in Count Two without reference to "conspiracy." It is thus clear from the record that the inclusion of "conspiracy" in Count Two of the order of judgment is erroneous and constitutes a clerical error, and correction of the judgment would not prejudice Campos-Alarcon in any way requiring reversal.

## Conclusion

Upon review of the record and consideration of the parties' briefs, we affirm the sentence, but vacate and remand for the limited purpose of correcting the clerical error in the judgment.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART .**