[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10994
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-00055-TWT-GGB-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUENTIN ACE WILLIAMS,
a.k.a. Gizmo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 23, 2014)

Before TJOFLAT, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

Quentin Williams appeals his total 360-month sentence, imposed after pleading guilty to conspiracy to interfere with commerce by threat or violence, in violation of 18 U.S.C. § 1951(a), and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).  On appeal, Williams argues that the district court clearly erred by failing to enforce the parties' purported agreement to use the guideline calculations from the first presentence investigation report (PSI) at sentencing, rather than the higher calculations in the subsequently revised PSI.  He maintains that he relied to his detriment on the government's "promise" to use the lower guideline calculations in entering his guilty plea.  After a thorough review, we affirm, but we grant a limited remand for the purpose of correcting clerical errors in the judgment form.

I.

In June 2013, Williams pleaded guilty, pursuant to a written plea agreement, to conspiring to interfere with commerce by threat or violence (Count 1), and one count of possession of a firearm in furtherance of a crime of violence (Count 15).  The plea agreement called for a total sentence of 360 months, consisting of 240 months on Count 1 and a mandatory 120-month consecutive sentence on Count 15.  The district court deferred final acceptance of Williams's guilty plea until after the preparation of the PSI.  Williams then filed a *pro se* motion, seeking to replace his defense counsel and to withdraw his guilty plea.

2

The first PSI yielded a combined adjusted offense level of 34 and a criminal history category of III.  After the application of a 3-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, Williams's offense level became 31.  Based on the mandatory 10-year consecutive sentence for Count 15, his total guideline range was 255 to 288 months' imprisonment.  Neither party filed objections to the PSI because of the terms of the plea agreement.  After the issuance of the first PSI, the district court denied Williams' motion to replace counsel, but granted his request to withdraw his guilty plea.

At the second change-of-plea hearing in November 2013, Williams again entered a guilty plea to Counts 1 and 15.  The government agreed to dismiss the remaining counts, but stressed that "there is no plea agreement" and "[n]one of the previous recommendations or stipulations contained in the previous plea agreement are binding.  Both parties are free to argue what sentence they believe is reasonable.  Neither side is bound by the guideline calculations contained in the [PSI]."  Williams acknowledged that he was unaware of any agreement or bargain other than that already described in open court.  He also stated that there were no other promises made, that he had not been threatened or coerced into pleading guilty, and that he was satisfied with his counsel.  The district court found that Williams's plea was given freely and voluntarily and accepted the plea.

3

Two days after Williams's second guilty plea, the government filed objections to the first PSI, arguing, in pertinent part, that Williams's offense level should include calculations from each of the eight robberies associated with the conspiracy, pursuant to U.S.S.G. § 3D1.4, and the withdrawal of the third-level for acceptance of responsibility. A second PSI was prepared, in which the probation officer highlighted the lack of a written plea agreement and calculated Williams's total guideline range to be 330 to 382 months.

At sentencing, Williams objected to the use of the second PSI and requested that the court rely on the calculations in the first PSI. He introduced e-mails concerning purported plea negotiations between his counsel and the government. In an e-mail, Williams had informed the government that he would not agree to a sentence of more than 25 years. In response, the government explained:

> [Williams] can plead straight to the same counts that he did at the original plea, except there won't be a negotiated plea agreement. No one here will authorize another plea agreement after he backed out of the last negotiated plea agreement.

> Presumably we could proceed with the same [PSI] that was previously prepared, but because there is no negotiated plea agreement the government makes no promise about a sentence recommendation.

The court overruled Williams's objection to the use of the second PSI, stating that Williams:

> re-entered a guilty plea with no agreement, no deal with the Government as to what his sentence would be. Everything started over. And that included the preparation of the [PSI], the right of both

4

sides to make objections to the [PSI], my authority to enter whatever sentence I wanted to, including the maximum sentence of 20 years on Count 1 and the maximum sentence of life on Count 15. That's the situation Mr. Williams was in when he entered his plea. That's the situation he is in today. So there's been no detrimental reliance by him on anything.

The court ultimately sentenced Williams to a total 360-month term of imprisonment, consisting of 240 months on Count 1 and a consecutive 120-month sentence on Count 15. This is Williams's appeal.

## II.

"[I]t is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party. The doctrine of invited error is implicated when a party induces or invites the district court into making an error. Where invited error exists, it precludes a court from invoking the plain error rule and reversing." *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (citations omitted).

Here, the invited-error doctrine precludes us from reviewing Williams's claim that the district erred by concluding that no agreement existed between the parties concerning the use of the first PSI to calculate his sentence. When asked by the district court at his second change-of-plea hearing whether the government had made any promises—beyond agreeing to dismiss the remaining counts of the indictment—to induce his guilty plea, both Williams and his counsel responded no. Moreover, Williams affirmatively represented in his written objections to the

second PSI that no plea agreement existed between the parties. As such, Williams's actions invited the district court to conclude that there was no plea agreement between the parties.

Even if Williams had not invited the alleged error, his appeal would still fail. When a defendant fails to assert a Fed. R. Civ. P. (Rule) 11 violation in the district court, we review for plain error. *United States v. Monroe*, 343 F.3d 1346, 1349 (11th Cir. 2003). At sentencing, Williams objected to the use of the second PSI, arguing that he had detrimentally relied on the government's "promise" that his first PSI would be used at sentencing. But he never asserted that the government breached the terms of a purported agreement to induce his guilty plea. *See United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007) (noting that the language of the objection must be so clear and simple that the trial court may not misunderstand it). As such, our review is limited to plain error.

To establish plain error, Williams must show that there was error, that the error was plain, and that it affected his substantial rights, i.e., the error affected the outcome of the district court proceeding. *Id.* at 1008. Once the appellant proves these three elements, this court may correct the error only if it "seriously affected the fairness, integrity, or public reputation of the judicial proceeding." *Id.* In this case, the record illustrates that both Williams and the government affirmatively represented to the district court that there was no plea agreement between the

6

parties.  As such, the issue of whether the government breached any agreement between the parties was neither "clear" nor "obvious."  *See Puckett v. United States*, 556 U.S. 129, 135 (2009) (explaining that in order to qualify as plain error, "the legal error must be clear or obvious, rather than subject to reasonable dispute").  Moreover, Williams cannot show that any error affected his substantial rights because he failed to demonstrate that the use of the calculations in the second PSI affected his final sentence.  At sentencing, the district court explained that even if it had miscalculated Williams's guideline range, the court would have departed upward and imposed a sentence of at least 360 months based on the number of armed robberies that formed the basis of the offense conduct, as well as Williams's extensive criminal history.

Accordingly, we affirm Williams's total 360-month sentence.  But we grant a limited remand for the purpose of correcting clerical errors in the judgment form. *Cf. United States v. Campos-Diaz*, 472 F.3d 1278, 1280 (11th Cir. 2006) ("[W]e may raise the issue of a clerical error in the judgment *sua sponte* and vacate and remand with instructions that the district court correct the error.").  The judgment incorrectly notes that Williams was convicted of (1) "[i]nterference with commerce by threat or violence," rather than conspiracy to interfere with commerce by threat or violence in Count 1, and (2) violating "18 U.S.C. § 924(c)(A)(ii)," rather than §

7

924(c)(1)(A)(iii) in Count 15.  We remand for the limited purpose of correcting these errors in the judgment form.

**AFFIRMED in part, REMANDED in part.**