[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13819
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cr-60071-BB-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AQUILINO GUIZAMANO-CORTES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 12, 2018)

Before TJOFLAT, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Aquilino Guizamano-Cortes appeals his 120-month statutory mandatory minimum sentence for conspiracy to possess with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(b).  On appeal, he argues that the inapplicability of 18 U.S.C. § 3553(f) safety-valve relief for offenses in violation of the Maritime Drug Law Enforcement Act (Title 46) violates the Fourteenth Amendment's guarantee of equal protection.

## I.

Section 3553(f)'s "safety valve" provision allows a district court to sentence a defendant below a statutory minimum if the court finds that certain factors have been met, but only if the defendant was convicted of an offense under certain statutes, including sections 1010 and 1013 of the Controlled Substances Import and Export Act, 21 U.S.C. §§ 960, 963.  18 U.S.C. § 3553(f).  We have determined that defendants convicted of violations of Title 46 are not eligible for safety valve relief under § 3553(f).  *United States v. Pertuz-Pertuz*, 679 F.3d 1327, 1329 (11th Cir. 2012).

Preserved constitutional challenges to a district court's application of the sentencing guidelines are reviewed *de novo*.  *United States v. Wetherald*, 636 F.3d 1315, 1320 (11th Cir. 2011).  However, in order to preserve a claim of error, the defendant must make a timely constitutional objection.  *United States v. McKinley*,

2

732 F.3d 1291, 1295 (11th Cir. 2013). The failure to make a timely constitutional objection results in our application of plain error review. *McKinley*, 732 F.3d at 1296 (11th Cir. 2013). Under plain error review, a party must show that an error occurred, the error was plain, the error affected substantial rights, and the failure to correct the error would seriously affect the fairness of the judicial proceeding. *United States v. Lange*, 862 F.3d 1290, 1293 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 488 (2017). Where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from this Court or the Supreme Court directly resolving it. *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015).

Here, Guizamano-Cortes's objection to his sentence was neither timely nor sufficient; thus, he did not preserve his claim of error on appeal. He did not object to the PSI orally or in writing and did not raise his equal-protection-based objection until after the District Court sentenced him. When he did, he did not argue that imposition of the mandatory minimum violated the Equal Protection Clause. He stated only that he was aware that "that's not the law at this time," but wanted "to put that on the record and preserve it in case something changes in the future." This objection did not provide the District Court with any support for his equal protection argument, did not suggest the Court made a sentencing error, and did not signal the Court to rule on the issue.

3

Accordingly, we apply plain error review to Guizamano-Cortes's equal protection claims.  Because neither this Court nor the Supreme Court has ruled on whether Congress's decision to exclude offenses under Title 46 from the safety-valve statute violates equal protection, the District Court did not commit plain error.  *See Hesser*, 800 F.3d at 1325.

Further, were we to review Guizamano-Cortes's equal protection claims *de novo* under the rational-basis standard, Guizamano-Cortes has failed to provide persuasive evidence that Congress had no reasonable basis for distinguishing between offenses of Title 21 and Title 46, especially given Congress' presumption of validity.  *Byse*, 28 F.3d at 1170.  Where an equal protection challenge does not allege that the challenged statute either singles out a protected class of individuals or impinges on a fundamental right, the provision is subject to rational-basis review.  *United States v. Campos-Diaz*, 472 F.3d 1278, 1280 (11th Cir. 2006).  Under the rational-basis test, a law does not violate equal protection so long as it is rationally related to a legitimate government interest.  *Id.*  A legislative classification subject to rational-basis review is presumed to be valid.  *United States v. Byse*, 28 F.3d 1165, 1170 (11th Cir. 1994).  Congress' judgment will be sustained in the absence of persuasive evidence that Congress had no reasonable basis for drawing the lines that it did.  *United States v. Holmes*, 838 F.2d 1175, 1177 (11th Cir. 1988).

4

Here, the Government has identified a number of legitimate reasons why Congress may have viewed transnational drug trafficking as a more serious threat than domestic drug trafficking.  These reasons include transnational drug trafficking's potential to facilitate and fund transnational crime and terrorism, destabilize and spread violence throughout the international community, proliferate and stimulate domestic drug trafficking, and bypass and undercut domestic drug crime prevention efforts.

Accordingly, the District Court did not err in denying safety valve relief to Guizamano-Cortes.

**AFFIRMED.**