[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14610
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-02891-ELR

UNITED STATES OF AMERICA,

Plaintiff-Counter Defendant,
Appellee,

versus

LARRY MILLER,

Defendant-Counter Claimant,
Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 16, 2020)

Before MARTIN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Larry Miller, proceeding *pro se*, appeals the district court's decision against him in the government's action to reduce to judgment the assessments by the Internal Revenue Service ("IRS") for his unpaid federal income taxes, penalties, and interest for tax years 2000 ("TY-2000"), 2001 ("TY-2001"), 2002 ("TY-2002"), 2004 ("TY-2004"), and 2013 ("TY-2013").  He argues that he had an installment agreement with the IRS toward which he had consistently been making payments, and he contends that his tax transcripts do not show that this agreement was terminated.  He also asserts that he was not given an opportunity to exhaust his administrative remedies, including proceeding to a Collections Due Process hearing.  After review, we conclude that the district court did not err in reducing his assessed taxes to judgment.

\* \* \*

"[W]e review for clear error factual findings made by a district court after a bench trial."  *Bellitto v. Snipes*, 935 F.3d 1192, 1197 (11th Cir. 2019).  "A factual finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Id.* (quotation omitted).  We review legal determinations de novo.  *Id.* at 1198.  "[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned."  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

2

Where a taxpayer has a tax liability, the IRS may enter a written installment agreement to facilitate collection of the debt. I.R.C. § 6159(a). While the agreement is active, the IRS cannot issue a levy or bring a suit to enforce the liability. Treas. Reg. § 301.6159-1(f)(1), (3)(ii). Additionally, the IRS cannot levy or sue while a proposed installment agreement is pending, for 30 days following the rejection of a proposed agreement, or for 30 days following the termination of an agreement. *Id.* This does not apply, however, if a proposed installment agreement is submitted "solely to delay collection." *Id.* § 301.6159-1(f)(2); *see also* I.R.C. § 7122(g) (stating that the IRS can treat a frivolous proposed installment agreement "as if it were never submitted"); I.R.C. § 6702(b)(2)(A)(ii) (stating that a submission is frivolous if it "reflects a desire to delay or impede the administration of Federal tax laws").

The IRS can terminate an installment agreement if the taxpayer does not follow certain requirements, including paying "any other tax liability at the time such liability is due." I.R.C. § 6159(b)(4)(B). The IRS must send a notice to the taxpayer at least 30 days before terminating the agreement. *Id.* § 6159(b)(5). The taxpayer can appeal after the notice is issued, and he has until 30 days after the termination takes effect to do so. Treas. Reg. § 301.6159-1(e)(5).

To collect taxes, the IRS can impose a levy on (and thus seize and sell) a taxpayer's property. I.R.C. § 6331(a), (b). Where the IRS seeks to collect taxes

3

through a levy or tax lien, however, the taxpayer is entitled to a Collections Due Process hearing. *Id.* §§ 6320(b), 6330(b).

\* \* \*

The district court did not err in entering judgment on Miller's tax liabilities. Miller has largely failed to contest the elements of that conclusion—he does not challenge the assessed taxes, the timeliness of the suit, the district court's conclusion that he failed to timely file and pay his TY-2013 taxes, or that this failure caused him to default on his installment agreement. Miller highlights the fact that he called the IRS, but he does not argue that the district court erred in determining that those calls were not a request for an appeal. He has accordingly abandoned all of those issues. *See Timson*, 518 F.3d at 874. Furthermore, he affirmatively concedes that the IRS sent him notice of its intent to terminate, and he testified at trial that he received such a notice. He does not argue that he appealed within 30 days of that notice. Nor did he appeal within 30 days of the installment agreement's termination on October 31, 2016. Accordingly, the agreement was properly terminated, and Miller had no more appeals rights regarding that termination.

Miller's arguments urging reversal are meritless. Although Miller asserts that he cured his default in November 2016, he admits that he still owed money for TY-2013—and therefore that he did not, in fact, cure the default. His assertion that

4

the IRS tax records relied on at trial did not evidence termination was disproven by testimony from Gary Lawrence, an IRS revenue officer, who testified that the records' event codes reflect that Miller was no longer subject to an installment agreement on October 31, 2016.

Although Miller contends that he was entitled to procedural protections concerning his attempts to negotiate a new installment agreement, the IRS determined that he was merely trying to delay the collection of taxes. He does not argue that the IRS's determination was wrong, so the IRS was permitted to act as through he never proposed a new agreement. *See* I.R.C. §§ 6702(b)(2)(A)(ii), 7122(g).

Nor was the IRS obligated to give Miller a Collections Due Process hearing before bringing the instant suit—the IRS brought suit to reduce tax assessments to a judgment, not to impose a levy or lien. Because the judgment has not resulted in the seizure of Miller's property, the Collection Due Process requirements do not apply here and Miller was not entitled to a hearing prior to suit. *See* I.R.C. §§ 6320(b), 6330(b), 6331(a), (b).

Accordingly, the district court did not err in reducing Miller's assessed tax balance to judgment. We therefore affirm the reduction of the assessment to judgment.

5

Because the district court omitted the taxes, penalties, and interest for TY-2013 from its judgment, however, we vacate the dollar amount and remand so that the district court can include those amounts. *United States v. Campos-Diaz*, 472 F.3d 1278, 1280 (11th Cir. 2006) ("We may raise the issue of a clerical error in the judgment *sua sponte* and vacate and remand with instructions that the district court correct the error.").

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**