[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 19, 2011
JOHN LEY
CLERK

No. 10-13319
Non-Argument Calendar
_____

D.C. Docket No. 3:09-cr-00007-TJC-TEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEO D. PATTERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 19, 2011)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Leo D. Patterson appeals from his sentence which was imposed after he

pleaded guilty to possessing a firearm while a convicted felon in violation of 18

U.S.C. § 922(g). After concluding that Patterson had four previous convictions for either a "violent felony" or a "serious drug offense," the district court sentenced Patterson to the 15-year minimum mandatory sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Patterson argues first that the district court erred in concluding that Patterson's conviction for battery in a detention facility qualified as a violent felony under the ACCA.[1] Second, Patterson argues that the district court erred when it concluded that Patterson's convictions for selling cocaine on two successive days qualified as separate serious drug offenses under the ACCA.

I.

Patterson pleaded guilty to possessing a firearm while a convicted felon, in violation of 18 U.S.C. § 922(g). The Pre-Sentence Investigation Report (PSI) calculated a base offense level of 30, in part because Patterson was classified as an armed career criminal. *See* U.S.S.G. § 4B1.4. Included in his prior offenses were a conviction for "battery in a detention facility" and convictions for two counts of sale or delivery of cocaine in violation of Florida law.

_____

[1] Although Patterson objected at sentencing to the finding that his conviction for resisting an officer with violence qualified as a violent felony under the ACCA, Patterson does not raise this issue on appeal and, thus, it is deemed abandoned. *See United States v. Ford*, 270 F.3d 1346, 1347 (11th Cir. 2001).

As to the battery conviction, the arrest reports and charging documents asserted that Patterson battered his cellmate by repeatedly kicking him, causing a two-inch cut on the side of the victim's head. As to the drug convictions, although Patterson was charged with selling crack to undercover narcotics detectives on January 24, January 25, February 12, and March 12, 2001, he pleaded guilty to only the January 24 and 25 transactions.

Patterson objected to the PSI classifying him as an armed career criminal. Specifically, he argued that his convictions for battery in a detention facility and two counts of cocaine sales were not violent offenses or serious drug convictions under the ACCA. The district court rejected Patterson's arguments and sentenced him to the mandatory minimum sentence of 180 months' imprisonment.

## II.

We review *de novo* whether a conviction qualifies as a "violent felony" or a "serious drug conviction" for the purpose of applying the ACCA to enhance a defendant's sentence. *United States v. Day*, 465 F.3d 1262, 1264 (11th Cir. 2006).

## III.

## A.

First, Patterson argues that the district court erred by concluding that his conviction for battery in a detention facility qualified as a violent felony under the

ACCA. Under the ACCA, an individual convicted under § 922(g) is subject to a mandatory minimum 15-year sentence if he has three previous federal or state convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Section 924(e) defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that–
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

Generally, in determining whether a prior conviction qualifies as a violent felony under the ACCA, we apply a "categorical" approach, looking no further than the fact of conviction and the statutory definition of the prior offense. *United States v. Llanos-Agostadero*, 486 F.3d 1194, 1196-97 (11th Cir. 2007). If the judgment of conviction and statute are ambiguous, the district court may look at the facts underlying a state conviction. *Id.* at 1197 (internal citation and quotations omitted). In examining the facts underlying a prior conviction, the

4

sentencing court may only rely on a limited set of materials. *Shepard v. United States*, 544 U.S. 13 (2005).

In Florida, an individual commits battery if he (1) "[a]ctually and intentionally touches or strikes another person against the will of the other," or (2) "[i]ntentionally causes bodily harm to another person." § 784.03(1)(a), *Fla. Stat.* Battery is ordinarily a first-degree misdemeanor, *id.* § 784.03(1)(b), but is elevated to a third-degree felony if committed in a jail, prison, or other detention facility, *id.* § 784.82(3).

In *Johnson v. United States*, the Supreme Court addressed a similar Florida statute for battery on a law enforcement officer. 30 S.Ct. 1265 (2010). The Supreme Court held that the battery offense cannot satisfy the physical-force definition of the ACCA merely by satisfying the common-law definition of force, which encompasses "even the slightest offensive touching." *Id.* at 1270. Rather, in the context of the statutory definition of "violent felony," the phrase "physical force" must be understood as "violent force." *Id.* at 1271. "Violent force," in turn, means "force capable of causing physical pain or injury to another person." *Id.* The word "violent" connotes " a substantial degree of force," and the implication of "strong physical force" is made even clearer by its attachment to the word "felony." *Id.*

In the present case, the parties agree that Patterson's conviction for battery in a detention facility is not "categorically" a violent felony and that the district court was required to inquire whether the *Shepard*-approved documents showed that Patterson committed the battery by deploying force capable of causing physical pain or injury to another person. During the state court plea colloquy, Patterson explicitly confirmed that he pleaded guilty because he "did smack that fellow." Furthermore, the arrest affidavit, on which the state court judge relied to determine the factual basis of the plea and to which Patterson did not object, confirmed that Patterson committed the battery by kicking the victim. Because repeated kicking involves strong physical force designed to injure a victim, and here the victim suffered injuries to his head as a result of the battery, the district court did not err by concluding that the battery conviction qualified as a violent felony under the ACCA.

## B..

Second, Patterson argues that the district court erred by finding that his two convictions for selling cocaine on successive days were committed on separate occasions. The ACCA requires the 15-year minimum sentence only if the three predicate convictions result from crimes "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Although the predicate offenses must be

distinct, even a small difference in time or place distinguishes convictions for purposes of the ACCA. *See United States v. Sneed*, 600 F.3d 1326, 1330 (11th Cir. 2010). As stated in *United States v. Pope*, 132 F.3d 684 (11th Cir. 1998):

> the "successful" completion of one crime plus a subsequent conscious decision to commit another crime makes that second crime distinct from the first for the purposes of the ACCA. Accordingly, we hold that so long as predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA. A showing that the crimes reflect distinct aggressions, especially if the defendant committed the crimes in different places, is particularly probative of the sequential nature of those crimes.

*Id.* at 692.

Patterson pleaded guilty to two counts of selling or delivering cocaine. At his plea hearing, Patterson expressly confirmed that he agreed to plead guilty to "two charges of selling cocaine." Although Patterson was sentenced for both drug offenses at a single hearing, the offenses were committed on two successive days. "It does not matter for § 924(e) purposes that the legal consequences of a defendant's separate criminal acts were imposed upon him on the same day. Nor does it matter that the legal consequences were sentences to be served concurrently instead of consecutively." *United States v. Wilks*, 464 F.3d 1240, 1244 (11th Cir. 2006) (citations omitted). Because Patterson admitted to committing the offenses on separate days, the district court correctly determined

7

that each drug offense constitutes a separate conviction under the ACCA.  *See*

*Pope*, 132 F.3d at 689-92 (holding that the defendant's convictions for two

burglaries committed on the same night and within 200 yards of each other were

committed on separate occasions).

Because Patterson had at least three qualifying convictions under the

ACCA, the district court correctly found that the ACCA imposes a mandatory

minimum sentence of 15 years.  Accordingly, we affirm Patterson's sentence.

**AFFIRMED.**